BAILEY and BOGERT *against* FREEMAN.

*In an action brought against A. on his gua-ranty of the performance by B. of his agree-ment with C. it was held that the declaration ought to state a consideration for the undertaking of A.*

*Several of the common counts on different con-tracts may be included in one count, and the plaintiff is not bound to prove all the causes of action, in order to entitle him to recover; but it is enough, if he prove any one of the causes of ac-tion, and he will recover pro tan-to.*

THIS was an action of *assumpsit*. The declaration was as follows : " For that whereas before, and at the time of making of the promise and undertaking and the agree-ments herein after mentioned, the said plaintiffs were joint dealers and partners in trade, under the firm of *Bailey &* *Bogert*, to wit, at the city of *New-York*, and in the county of *New-York ;* and whereas also, at and before the several times herein after mentioned, one *Noel Blanche*, being in-debted to the plaintiffs in a large sum of money, to wit, the sum of 381 dollars and 25 cents, on a promissory note, bearing date the 28th day of *September*, in the year of our Lord, 1807, payable sixty days after the date thereof, whereupon, being arrested thereon at the suit of the said plaintiffs, and an execution issued against his goods and chattels, lands and tenements, on the 11th day of *July*, in the year of our Lord, 1808, at the city and in the county of *New-York*, made a certain memorandum in writing, bearing date the day and year last aforesaid, subscribed by him the said *Noel*, and thereby agreed to deliver to the said plaintiffs, by the name and description of Messrs. *Bailey & Bogert*, within six months from the date thereof, fresh and good chocolate, equal in quality to *Caldwells*, of *Albany*, at a discount of 5 *per cent.* from the wholesale prices, at

which *Caldwell's* chocolate, of the same quality, may be selling for at the time of delivery, and to the amount of 392 dollars and 71 cents, with interest, from the 5th day of *May* then last past, and further, that all the costs, expenses, fees, and poundage, on the execution issued by the said plaintiffs, by the names and description of Messrs. *Bailey & Bogert*, against him the said *Noel Blanche*, being paid by him, the attorney of the said plaintiffs should direct the said execution to be returned *nulla bona ;* and whereas also, afterwards, to wit, on the said 11th day of *July*, in the year of our Lord, 1808, at the city and in the county of *New-York* aforesaid, the aforesaid defendant, by a written memorandum or note in writing, at the bottom of the above described memorandum in writing, so made by the said *Noel*, and bearing date the day and year last aforesaid, and subscribed by him, the said defendant, according to the form of the statute in such case made and provided, *undertook and promised*, and then and there guarantied the performance of the agreement contained in the said memorandum or writing so made, and subscribed by the said *Noel*, and every part thereof, on the part of him the said *Noel*, to be performed at the times, and to the amount therein mentioned, provided the said *Noel* should, when the same ought to be performed, be then in life, but not otherwise ; and the said plaintiffs aver, that they, confiding in the said promise and undertaking of the said defendant, so by him made in manner and form aforesaid, did, after the making of the said two several memorandums in writing, to wit, on or about the 20th day of *July*, in the year of our Lord, 1808, at the city and in the county of *New-York* aforesaid, direct the said execution, referred to in the said memorandum in writing, so subscribed by the said *Noel*, to be returned *nulla bona*, whereof the said defendant afterwards, to wit, on the day and year last aforesaid, at the city and in the county aforesaid, had notice ; and the said plaintiffs further aver, that the said *Noel* did not, within six months from the date of the said memorandum in writing so subscribed

by him, deliver to the said plaintiffs fresh and good chocolate, equal in quality to *Caldwell's*, of *Albany*, at a discount of 5 *per cent.* from the wholesale prices at which *Caldwell's* chocolate, of the same quality, was selling, to the amount of 392 dollars and 71 cents, with interest, from the 5th day of *May* next, preceding the date of the said memorandum in writing, so subscribed by the said *Noel*, in manner and form as the said *Noel* thereby agreed and undertook to do, whereof the said defendant, afterwards, to wit, on the 15th day of *January*, in the year 1809, at the city and in the county aforesaid, had notice ; and the said plaintiffs further aver, that the said *Noel*, at the time when the said agreement made by him in the memorandum in writing so subscribed by him as aforesaid, ought to be performed, to wit, on the 12th day of *January*, in the year of our Lord, 1809, was in life, to wit, at the city and in the county aforesaid, and whereof the said defendant afterwards, to wit, on the day and year last aforesaid, then and there had notice, and was required by the plaintiffs to guaranty the performance of the said agreement so made by the said *Noel*, according to the tenor and effect of the said promise and undertaking of the said defendant in that behalf made as aforesaid, yet the said defendant, not regarding his promise and undertaking aforesaid, but contriving, and fraudulently intending, craftily and subtilly, to deceive and defraud the said plaintiffs in this behalf, hath not in any manner guarantied the performance of the said agreement so made by the said *Noel*, but the said defendant hath hitherto refused and neglected, and still refuses, contrary to the tenor and effect of the said promise and undertaking, so contained in the said memorandum in writing, subscribed by the said defendant as aforesaid, and in breach and violation thereof, to wit, at the city and in the county aforesaid : And whereas the said defendant afterwards, to wit, on the day and year last aforesaid, at the city and in the county of *New-York* aforesaid, was indebted to the said plaintiffs in 581 dollars and 25 cents, lawful money of the *United States* of *America*, for money by

the said plaintiffs, before that time, paid, laid out, and ex= NEW-YORK,
pended for the said defendant, at his special instance and re= <span>May, 1809.</span>
quest, and for other money by the said defendant, before that Bailey & Bogert
time had and received, to the use of the said plaintiffs, <span>v.</span>
and for other money by the said plaintiffs, before that time, Freeman.
then lent and advanced to the said defendant at his like re-
quest, and being so indebted, he, the said defendant, in
consideration thereof, afterwards, to wit, on the same day
and year aforesaid, at the city and in the county of *New-*
*York* aforesaid, undertook, and then and there faithfully
promised the said plaintiffs to pay them the said several
sums of money, when he should be thereto afterwards re-
quested ; yet the said defendant, (although often requested,
&c.)

There was a separate and general demurrer to each count,
and a joinder in demurrer.

*Talbot,* in support of the demurrer to the first count, con-
tended,

1. That there was no averment of the non-performance
of the agreement by *Banche.*

2. It was not stated that the defendant had, in any man-
ner, become liable to pay any money to the plaintiffs.

3. There was no breach of the agreement stated ; and

4. That there was no consideration set forth for the gua-
ranty or agreement of the defendant. The last objection
he considered as fatal, and cited *Sears* v. *Brink*, (3 *Johns.*
*Rep.* 210.) and *Wain* v. *Walters*, (5 *East*, 10.)

As to the *second* count, he said, that it joined different
causes of action in the same count, which could not be
done.

*Baldwin, contra.*

*Per Curiam.* The fourth objection to the first count is
fatal. It is essential in every action on a promise, to state
a consideration. The defendant is, therefore, entitled to a

NEW-YORK,
May, 1809.

Bailey & Bogert
v.
Freeman.

judgment, but the plaintiffs may amend on payment of costs.  In regard to the second count, though some doubts seem to be entertained by some of the bar as to its propriety, on the supposition that the plaintiff might be required to give proof of all the causes of action stated in the count, we think it sufficient, and that he would be entitled to recover, should he prove only one of the contracts.   There are several precedents in the *English* books of similar counts.(a) The plaintiffs, are, therefore, entitled to judgment on the second count, but the defendant has leave to withdraw the demurrer and plead, on payment of costs.

Judgment accordingly.

(a) See 2 *Saund.* 122. a.  In a recent work on pleadings, by *Chitty* (p. 377.) it is laid down, on the authority of the case in *Saunders* and several others, that several distinct debts or contracts may be included in one count of this description, and the plaintiff will succeed, *pro tanto*, though he only prove one of such contracts; for if the defendant be indebted for any one cause, it is a sufficient consideration for the promise (which the law raises) of the defendant to pay the money.   Serjeant *Williams* recommends the practice of including the common counts in one count, as was done in this case, in order to avoid an useless prolixity in the pleadings, and unnecessary expense. 2 *Saund.* 122 a. n. 2. *Cro. Jac.* 245. *Yelv.* 175. 1 *Brownl. Ent.* 71.  2 *Black. Rep* 910.  *Bunb.* 262.  *Impey's Mod. Plead.* 207. 234. 271.