*December, 1824.*

Bank of Mobile
v.
the State.

---

## Robert Harrison *against* James Cassity.

*December, 1824.*

IN this case the writ of capias was returnable to the Su-perior Court of *Clarke* County of the *Mississippi* Territory, on the 1st *Monday* of *March,* 1817. The first count in the declaration was, Whereas said *Robert,* on &c. at &c. did owe and was indebted to said *James* in the sum of $300— stating an indebitatis assumpsit, and a super se assumpsit thereon, but stating no consideration. The second count was an indebitatis assumpsit for $300, the price of a mare sold by plaintiff to defendant—general issue. The conti-nuances from term to term were regularly entered on the Record, except that of *March* term, 1818, it is noted "no Court this term, no order on the docket." No order ap-peared in the Record transferring it from the Superior Court of *Mississippi* to the Supreme Court of the *Ala-bama* Territory for *Clarke* County, or from the Supe-rior to the Circuit Court of *Clarke* County. At *April* term, 1823, a verdict was rendered, the entry of which is, "We the Jury find for the plaintiff and assess his da-mages to three hundred and seventy-one dollars," and a judg-ment thereon. The Record was entitled, and certified as of the Circuit Court of *Clarke* County. *Harrison* assigned here as *Error,* that the first count in the declaration shewed no consideration ; and the second no sufficient consideration —that both counts were bad, and there was a general ver-dict.

2d Assignment—the verdict was not sufficiently certain.

3d, The action was instituted in the Superior Court of *Clarke* County in the *Mississippi* Territory, and tried and determined in the Circuit Court of *Clarke* County in the State of *Alabama.*

4th, No matter in the Record shews the jurisdiction of said Circuit Court.

5th, The Circuit Court of *Clarke* does not appear to have had jurisdiction of the cause.

1, One of several counts in as-sumpsit is bad, and there is a ge-neral verdict. Judgment there-on is not Error. 2, On general is-sue in assumpsit "We the Jury find for the plain-tiff and assess," &c. sufficient en-try of the ver-dict. 3d, Action insti-tuted in the Supe-rior Court of the *Mississippi* Ter-ritory, not neces-sary that the Re-cord should shew that it was trans-ferred to the Cir-cuit Court of the State in the same County.

DECEMBER, 1824.    6th, There was ⌐no continuance of the cause at *March*
                   term, 1818.

Robert Harrison
v.
James Cassity.     *Parsons*, for plaintiff in Error.—The point as to good
————————           and bad counts, and a general verdict, has been already
argued at this term in the case of *Taylor* against *Casey.* I
will barely cite the authorities in support of our position.
1 Ch. Pl. 295, 345, 399, 394.    8 East. 347.    9 East. 95.    1
John. 505, 211, 220.    6 John. 82.    7 John. 271, 359.    The
English decisions, as referred to in Selwin's Digest, 116.
Peck's Rep. 319.

By one of the Judges—Is there not a distinction as to
this matter between actions of tort and on contract ?

Mr. *Parsons.*—The English decisions and the case in
Peck's Reports shew that the rule applies alike to all civil
actions.    The reason is the same in all.    The Court, in
rendering judgment, are left in uncertainty whether the ver-
verdict was for the good or bad cause of action.    The pro-
mise charged in the first count is *nudum pactum.*    As to the
other Errors assigned—I am informed at the bar that this
Court has heretofore decided the point as to the omission
of the entry of continuance.    If by operation of law the
cause was transferred from the Superior to the Circuit
Court of *Clarke* County, this matter should appear in the
Record.    The previous proceedings of the Circuit Court
should at least have been properly certified, so that the Cir-
cuit Court of *Clarke* County might judicially know what
had been done under the former jurisdictions.

*Salle*, for defendant in Error.—The point, as to the good
and bad counts, having already been fully argued, I need
only refer to the authorities cited in that argument ; but I
contend here, that after verdict both of these counts
are to be deemed good.    The second would be good on
demurrer.    The consideration to common intent is as well
averred by the words, " the price of a mare sold," as it
would have been by the more formal words, " for and in
" consideration of a mare before that time by said plaintiff
" to said defendant, and at his special instance and request
" sold and delivered."    The first count is at least a defective
statement of a good title.    If the Jury regarded this count,
they must, before rendering a verdict for the plaintiff, have
been satisfied from the evidence that the defendant, for a
good and legal consideration, owed the money to the plain-
tiff, and as charged, assumed to pay it to him ; but we know

that in point of fact, Juries, in making up their verdicts, do not think of the 1st, 2d, or any other counts in the declaration, but determine whether the evidence shews the liability of the party charged. In the case referred to in Douglass's Reports, Lord *Mansfield* laments this rule as a technicality founded on fictitious reasoning, and tending to defeat justice.

As to the Record's not shewing that the cause was continued at the time appointed for *March* term, 1818, when the Court was not held, or that the Record and cause were transferred from the Superior to the Circuit Court of *Clarke* County—the former decisions of this Court and the Acts of Assembly have disposed of these points.

Judge *Minor* delivered the opinion of the Court.

As to the first assignment—no consideration is shewn in the first count, and it is deemed insufficient. We are not satisfied even that the statement of title in the second count is defective. If the sale of the mare had been completed, the delivery was not necessary to the right of action for the price. Although the statement may be defective, it is evidently cured by the verdict.

In the English Courts it seems to have been considered as a settled rule in civil actions, that where there are several counts in the declaration, entire damages assessed, and one count is bad, it shall be fatal in arrest of judgment or on writ of Error. The decisions of the Courts in the several States of the Union sustaining this principle are numerous; but so far as known to us, all such have been made in actions for slander. In actions of this description, wherein one of several counts, the words and matter set forth do not afford a legal ground of action, and entire damages have been assessed, it may be fairly inferred that the Jury have taken into view all the grievances which the plaintiff has charged in his declaration, and that they may have assessed damages for a matter on which an action could not be sustained. But the reason and principle of the rule do not apply to actions on contract, where contracts of the same nature are set out in different counts, or to a case like the present, where the first count cannot be otherwise understood than as intended to set out in another form the same cause of action which is more fully shewn by the second. If in the same count there are two distinct allegations, one actionable and the other not, as a promise with and a promise without consideration, the Court, after verdict, will intend that damages were given for the actionable part only. 2 John. 443, 287. 4 John. 280. Is not the

present case within this principle ? In the first count it is averred that the defendant, on the 6th of *October*, 1808, being indebted to the plaintiff in the sum of $300, promised to pay the same. In the second, that the defendant on the same day being indebted to the plaintiff in another sum of $300, being the price of a mare sold, promised to pay the same. In *April*, 1823, the Jury find a verdict for the plaintiff, and assess his damages to $371. Can the mind by any process of reasoning be forced into the conclusion that damages were assessed for more than what was proved to be the price of the property sold and interest thereon ? In the case of *Grant* against *Astle*, (Doug. 730,) Lord *Mansfield*, while he yields to the doctrine now contended for on behalf of the plaintiff in Error, laments that a rule so ill-founded and inconvenient should ever have been established on the fictitious reasoning that the Jury have assessed damages on all, though in fact they never thought of the different counts. In some of the States of the Union, the mischiefs of the English doctrine have been guarded against by Statute. I know of no American decision on a case of contract sustaining it. Its inconvenience and injustice appear to have been felt and lamented by the highest judicial authority of the country in which it had somehow acquired the obligatory force of a " settled rule." This Court is now, for the first time, called on to recognize, I may say to establish, it as a *rule of practice* in this State. And with a full sense that it has no foundation in sound principle, that it is inconvenient, and that in its application it may work great injustice, surely we are not bound by the acknowledged errors of the most respectable and learned tribunals to establish it here.

The second assignment relates to the entry of the verdict. It has been several times decided by this Court, that our Statute of *jeofail* renders such an entry as sufficient to shew the determination on the issues joined, as if it had been made technically according to the rules of clerkship.

As to the remaining assignments—by reference to the Record, the Act of Congress establishing the territory of *Alabama*, the Constitution of the State, and to the Acts of 1819, Laws Ala. 190, s. 5—476, s. 4, it will at once be seen that they cannot be sustained. It is the opinion of a majority of the Court that the judgment of the Circuit Court be affirmed.

Judges *Saffold*, *Ellis*, and *Crenshaw* concurred.—Judge *Gayle* dissented.

The Chief Justice having been of Counsel, gave no opinion.