Beardsley v. Southmayd and Dwight.

THADDEUS BEARDSLEY v. HENRY SOUTHMAYD and THOMAS DWIGHT.

A declaration is good, if it contains all that is necessary for the plaintiff to prove under a plea of the general issue, in order to entitle himself to recover.

Short forms of counts in a declaration upon promissory notes, and upon the different grounds of a general *indebitatus assumpsit*, approved and sustained by this court, upon special demurrer.

The want of pledges to prosecute, forms no valid objection to a declaration.

This was an action of assumpsit brought in this court. The plaintiff filed the following declaration.

"New Jersey Supreme Court, of September term, in the year 1834.

ESSEX COUNTY, *ss.* Thaddeus Beardsley, plaintiff in this suit, by Andrew S. Garr, his attorney, complains of Henry Southmayd and Thomas Dwight, defendants therein. The sheriff of the county of Bergen, to whom the process in this suit was directed, having returned that he has summoned the said Henry Southmayd, but that the said Thomas Dwight was not found in his county, of a plea of trespass on the case upon promises. For that whereas the defendants on the 26th day of November, in the year 1819, at Middleton, that is to say, in the county of Essex, made their promissory note in writing, and thereby promised to pay to the order of the plaintiff on demand, with interest until paid, four hundred and fifty-eight dollars and fifty-six cents, and then and there delivered the said note to the plaintiff, and promised the plaintiff to pay the same, according to the tenor and effect thereof. But the defendants did not pay the same, although payment thereof was afterwards, to wit, on the first day of October, in the year 1828, in the county aforesaid, duly demanded of the defendants, according to the tenor and effect of the said note.

And whereas also, the defendants, on the 26th day of November, in the year 1819, at Middleton, that is to say, in the county aforesaid, made their certain other promissory note in writing, and thereby promised to pay to the order of the plaintiff, one hundred and seventy-eight dollars and seventy-six cents, ninety days from the date thereof; which period has now elapsed; and then and there delivered the said last men-

Beardsley *v.* Southmayd and Dwight.

tioned note to the plaintiff, and promised the plaintiff to pay the same, according to the tenor and effect thereof.

And whereas also, the defendants afterwards, on the first day of September, in the year 1834, in the county aforesaid, were indebted to the plaintiff in fifteen hundred dollars for goods sold and delivered by the plaintiff to the defendants at their request; and in fifteen hundred dollars for work done, and materials for the same, provided by the plaintiff for the defendants at their request, and in fifteen hundred dollars for money lent by the plaintiff to the defendants at their request; and in fifteen hundred dollars for money paid by the plaintiff for the use of defendants at their request; and in fifteen hundred dollars for money received by the defendants for the use of the plaintiff; and in fifteen hundred dollars for interest, for the forbearance by the plaintiff at the defendants's request, of money due and owing from the defendants to the plaintiff, and in fifteen hundred dollars for money found to be due from the defendants to the plaintiff, on an account stated between them; and the defendants afterwards, on the day and year last aforesaid, in the county aforesaid, in consideration of the last mentioned premises respectively, then and there promised to pay the said last mentioned several moneys respectively to the plaintiff, on request; yet the defendants, have disregarded their promises, and have not paid any of the said moneys, or any part thereof; to the plaintiff's damage of fifteen hundred dollars, and thereupon he brings suit, &c."

To this declaration the defendants filed the following demurrer.

" And the said Henry Southmayd, who is impleaded with Thomas Dwight, by Samuel Cassedy, his attorney, comes and defends the wrong and injury when, &c. and says, that the said first and second counts of the said declaration, and the matters therein contained, in manner and form as the same are above stated and set forth, are not sufficient in law, for the said plaintiff to have or maintain his aforesaid action thereof, against the said defendants, and that he, the said Henry Southmayd, is not bound by law to answer the same, and this he is ready to verify : wherefore, by reason of the insufficiency of the said first and second counts of the said declaration in this behalf, the said Henry Southmayd prays judgment, and that the said

Beardsley *v.* Southmayd and Dwight.

plaintiff may be barred from having or maintaining his afore-
said action thereof, against the said defendants, &c. And the
said Henry Southmayd, according to the form of the statute in
such case made and provided, states and shows to the court
here, the following causes of demurrer to the said first and
second counts of the said declaration, that is to say, that in the
said first and second counts, the supposed causes of action of the
plaintiff, are not set forth fully and at large, but in abbreviated
or abridged form, different from the usual, approved, and estab-
lished precedents in like cases, and also that the said first and
second counts of the said declaration, are in other respects un-
certain, informal, and insufficient, &c.

And the said Henry Southmayd further says, that the said
third count of the said declaration, and the matters therein con-
tained, in manner and form as the same are above stated and set
forth, are not sufficient in law for the said plaintiff to have or
maintain his aforesaid action thereof, against the said defend-
ants ; and that he, the said Henry Southmayd, is not bound by
law to answer the same, and this he is ready to verify ; where-
fore, by reason of the insufficiency of the said third count of
the said declaration in this behalf, the said Henry Southmayd
prays judgment, and that the said plaintiff may be barred from
having or maintaining his aforesaid action thereof against the
said defendants, &c. And the said Henry Southmayd, accord-
ing to the form of the statute in such case made and provided,
states and shows to the court here, the following causes of de-
murrer in law, to the said third count of the said declaration,
that is to say, that in the third count the supposed causes
of action of the plaintiff, are not set forth fully and at large,
but in an abbreviated or abridged form, different from the
usual, approved, and established precedents in like cases ; and
also, for that there are in the said third count of the said de-
claration, seven pretended causes of action, separate and dis-
tinct from each other, comprehended and included in the same
count ; and also, for that the said third count of the said de-
claration, is multifarious, and is in other respects uncertain, in-
formal, and insufficient, &c. And the said Henry Southmayd
further states and shows to the court, the following cause of de-
murrer in law, to the whole of the said declaration, that is to

say, that there are no pledges of prosecution named or mentioned therein, and that the same is, in other respects, uncertain, informal, and insufficient," &c.

To this, the plaintiff filed a joinder in demurrer.

*A. S. Garr* for plaintiff.

*S. Cassedy* for defendants.

HORNBLOWER, C. J. The declaration in this case, contains three counts. First, on a promissory note made by defendants, payable to the plaintiff on demand. Second, on a promissory note made by defendants, payable to the plaintiff, ninety days after date; and the third, for goods sold and delivered; for work done and materials provided; for money lent; for money paid; for money had and received; for money found to be due on an account stated, and for interest on money forborne.

To these several counts, the defendant has demurred, and shown for cause of demurrer, that the supposed causes of action, "are not set forth fully and at large, but in an abbreviated or abridged form, different from the usual, approved and established precedents in like cases."

The concise manner in which this declaration has been drawn, was probably suggested to the practitioner, by the short forms recently adopted in England. *Regulæ generales, Trin. Ter.* 1 *W. IV.*—1831; see at the end of 7 *Bing. Rep.* in 20 *Eng. C. L. Rep.* 323; *Hennell's Forms, &c.* 3 *Law Lib. part* IX. 68. If, however, it is a good declaration, it is so, not by force of those rules, but because it describes and sets forth, the instruments declared on, and the several causes of action assigned, with sufficient legal certainty, and contains all the allegations and averments required by the rules of sound pleading. In other words, the declaration will be good, if it contains all that would be necessary for the plaintiff to prove, under a plea of the general issue, in order to entitle himself to recover. Upon a careful examination of this declaration, though it is much abridged, I can detect no omission of any material matter. The first count, which on a promissory note made by the defendants, payable to the plaintiff on demand, states succinctly, but intelligibly, that the defendants, on a certain day, in the county of Essex, *made* their promissory note, *in writing*, that they thereby promised to pay to the plaintiff on demand, with interest until

paid, four hundred and fifty-eight dollars and fifty-six cents; that they then and there delivered the note to the plaintiff, and promised the plaintiff to pay the same according to the tenor and effect thereof; that the plaintiff had afterwards, on a certain day, in the said county, duly demanded payment of the defendants, according to the tenor and effect of the said note, but that the defendants did not pay the same. So again, in the second count, in the same brief, but substantial manner, the plaintiff alleges that the defendants, on a certain day, and in the county of Essex, made another promissory note, in writing, and thereby promised to pay to the plaintiff, one hundred and seventy-eight dollars and seventy-six cents, ninety days after the date thereof; that they then and there delivered it to him, and promised to pay the same, according to the tenor and effect thereof; that the time of payment had elapsed; and then, in the general breach at the end of the last count, the payment is negatived.

It would at this day, and especially after these short forms have been deliberately sanctioned by the combined learning of all the judges at Westminster Hall, have much more of the appearance of legal pedantry, than of sound discretion, to enter into a critical examination of this declaration, and compare its contents with the tedious and protracted forms that were devised when pleadings were counted and paid for by the folio. I would not speak disrespectfully of the ancient and established forms of judicial proceedings. They constitute admirable monuments, and will be enduring records of the learning and accuracy of judges and lawyers in by-gone days. But I am glad to see an attempt made on the part of the profession, to rid our pleadings of unnecessary words, and to confine them to a plain and simple statement of the facts necessary to be proved, and which constitute the ground of action or defence.

To the third count in this declaration it is objected, that it sets forth several separate and distinct causes of action, and is therefore multifarious. But this is not an innovation upon settled forms or principles; as long ago as in the 21 *Car* II.. this mode of combining the different grounds of a general *indebitatus assumpsit*, in one count, was adopted and practised. *Webber*

v. *Tivill*, 2 *Saund.* 122, *a. & in note* 2; and see *Bailey and al.* v. *Freeman*, 4 *Johns. Rep.* 280, *& 284 in note.*

It is also assigned for cause of demurrer in this case, that there are no pledges to prosecute, &c. But this is mere matter of form, and if necessary at all, may be entered at any time before judgment. *Littlehales* v. *Bosanquetle, Barnes notes*, 162; *Baker & al.* v. *Philips*, 4 *Johns. Rep.* 190.

FORD, J.   To a count upon a promissory note of the defendants to the plaintiff, there is a special demurrer, alleging that the count does not set forth the cause of action fully, but employs an abbreviated and abridged form, different from established precedents. It counts that the defendants, on the 26th of November, 1819, at Middleton, viz. in the county of Essex, made their promissory note in writing, and thereby promised to pay to the order of the plaintiff, on demand, with interest until paid, four hundred and fifty-eight dollars and fifty-six cents, and then and there delivered the said note to the plaintiff, and promised the plaintiff to pay the same, according to the tenor and effect thereof; but that the defendants did not pay the same, although payment thereof was afterward, viz. on the 1st of October, 1828, in the county aforesaid, duly demanded of the defendants according to the tenor and effect of the said note. Thus it prunes the common precedent of useless verbiage and repetition, and omits to aver the operation of the statute, which is matter of law only; but does not leave out one material fact. While, therefore, no evil consequences can flow from this form, the benefits are very apparent; the count becomes more simple and intelligible; the quantity of writing is lessened; and the costs are materially diminished. The English courts of justice have not been content merely to recommend this form, they have gone further and prescribed it at the peril of costs.   20 *Eng. Com. Law. Rep.* 323.   It is not only reasonable in itself, but agreeable to the very rules of common law pleading, and therefore it cannot possibly be condemned. These observations equally apply to the second count.

The third count comprises what are called the common counts, altogether in one; as that, at a certain day, in the county aforesaid, the defendants were indebted to the plaintiff in a certain sum, for goods sold and delivered by the plaintiff to the

defendants at their request; and in a like sum, for work and labor done by the plaintiff for the defendants at their request, &c.; and in consideration thereof, the defendants afterwards, in the said county, promised to pay the last mentioned sums of money, respectively, to the plaintiff on request, yet they have not paid any part of the said moneys.

A special demurrer to this count alleges, that the causes of action are not set forth at large; that seven distinct causes of action are included in one count, and that it is multifarious. But the courts, for a great many years, have considered these charges as independent as if each one was spread out in a separate count; and no evil has or can arise from it, while the benefits are the shortening of the declaration, and materially diminishing the costs. The records of the court abound with precedents of this kind; not one of which has ever been condemned. Instead of being of new invention, it is an old common law form to be found as far back as the time of Charles II. See the case of *Webber* v. *Tivill*, 2 *Saund. Rep.* 121, and Serjeant Williams' note thereon; also, *Bailey & Williams* v. *Freeman*, 4 *Johns.* 280. There is no ground therefore, for demurring to this count, or any of the others; and it is certainly too late to demur to a declaration in assumpsit, at this day, for want of pledges of prosecution. 4 *Johns.* 190. Let judgment be rendered for the plaintiff on each demurrer.

RYERSON, J. The question submitted to the court, in this case, on a written argument, is upon a special demurrer to the declaration. That contains three counts, all framed according to the concise forms lately enjoined by the English courts, by general rules to be found in 7 *Bing. Rep.* 772, & 20 *Com. Law, Rep.* 323, and a precedent of which may be found in *Hennell's Forms, part* 9, in the 3*d vol.* of the *Law Library.* The first two counts are upon promissory notes; and the third *indebitatus assumpsit*—first, for goods sold; second, work and materials; third, money lent; fourth, money paid; fifth, money received; sixth, interest; seventh, account stated; combined as in the above book of forms. The object of the demurrer seems to be, to test the sufficiency of those forms.

The prolixity of law proceedings in general, and of pleadings in particular, has long been a subject matter of complaint,

Beardsley *v.* Southmayd and Dwight.

where the forms and practice of the common law have prevailed. A remedy has, in some measure, been attempted in this state, by the authority given to our courts, to strike out superfluous counts, and more recently by limiting the pleader's fees for drawing declarations. And a similar, but more extensive effort has been made in Great Britain, by the general rules above referred to. Courts have, latterly, shown themselves favorably inclined to the abridgment of pleadings, and not disposed to sustain an exception thereto, for the want of any matter not absolutely essential. Nevertheless, the profession have not shown any great inclination to depart from established forms. This, perhaps, naturally results from the greater ease with which we pursue a beaten track, as well as the greater certainty of a safe arrival at the desired goal, by a known and frequented highway, than by a new and unexplored, though shorter route. The caution is, perhaps, not to be condemned; but certainly practitioners are not to be frowned on, who have the intrepidity, legitimately to aim at an object, the attainment of which is so much needed and desired. Lawyers of the middle ages seem to have thought every other object should yield to certainty. A disposition seems now to exist, to return to the simplicity of more ancient times, and I feel willing to encourage it. Let us examine the attempt before us, by the rules in the books relative to pleadings.

It should be noted, however, that the language employed by the English judges, in the rules referred to, does not convey the idea of a new rule of pleading; but only a purpose to exclude whatever is superfluous in words or averments.

*Chitty*, in his 1*st vol.* on *Pleading*, 248, says, a declaration should " contain a statement of all the facts necessary in point of law, to sustain the action, and no more;" "and that these facts be set forth with certainty." I presume it not necessary to notice the previous requisite of correspondence with the writ. I do not understand that to be questioned. Again, this court has decided, *Sterling* v. *Sinnickson*, 2 *South.* 756, that " all that is essential" in a declaration, " is an allegation of all the facts necessary to give a complete right of action in such a manner as that such right necessarily arises from them; and in such man-

ner too, as to be susceptible of denial, or avoidance by plea, properly pleaded."

In these quotations, the law is believed to be correctly stated; and guided by this rule, the declaration will, I believe, be found sufficient. It distinctly alleges every thing necessary to show a complete cause of action, and alleges it in such manner, that a cause of action necessarily results therefrom, and in such manner also, that it may be fairly met or answered by plea.

The declaration duly conforms to the writ, and has a proper commencement. In setting out the cause of action, the day is distinctly stated, with all certainty, except as to the era. None is given. Nor is any necessary in a christian country, and especially in this state, where the christian era is universally adopted in public and private transactions, and none other in common or general use.

Again, the venue is the county of Essex. The object of a venue is, to show whence the jury are to come. When an array might have been quashed because no juror was taken from the proper hundred or township, more minuteness was necessary. That reason has ceased, and with it the rule, according to an established maxim of our law. The next allegation is, that " they made their promissory note in writing," omitting the useless words, " certain note, commonly called a promissory note ;" which I suppose that none will now seriously contend, should be used, however familiar they may have once been to the student. The subscription of the note is not expressly alleged. But it is as much implied from the words, " made their note," that it was duly subscribed by the parties, or a competent agent for them, as is sealing implied by the use of the words, " writing obligatory; " or " indenture." Besides, there is an abundance of authorities to show this allegation at least, wholly superfluous. There is no express allegation of the date of the note. Nor does such allegation seem to be necessary. It must be intended to bear date when made, unless the contrary be averred. Though I should be better satisfied, if the date were expressly shown. It is the only point in this case, upon which I have doubted. The delivery of the note, time of payment, amount, and to whom payable, are

all stated in the common form. In stating the amount, "dollars" only is used, without the words, lawful money of New Jersey or of the United States. But the court will intend current money of New Jersey to be meant, none other being named. To conclude the statement of the contract, the plaintiff adds, " and promised the plaintiff to pay the same according to the tenor and effect thereof;" omitting altogether the allegation of liability from the note and the statute, and the repetition of the promise in consideration thereof, and the venue. Now, by showing a proper note, from which the party's legal liability arises, and an express promise therein, I can conceive of no reason why an implied promise should be stated at all. But one is stated here. It is not necessary therefore to express any opinion on the rule laid down, that in declaring on a legal liability, it is not necessary to show a promise. This, it is true, is stated without time or place. The previous statement however, of time and place, extends to the whole allegation of the cause of action, both in the eye of common sense and legal intendment. Nor is any reference to the statute necessary. I have always supposed that the English statute, for which ours is a substitute, was passed, to remove the prejudices of Lord Holt, and perhaps some other great names ; and not by reason of any necessity therefor, either as regards the currency of notes or the mode of enforcing payment. They had before the statute, a legal existence, with all their qualities, including that of being declared on as a specialty, by force of the common law, or at least of the custom of merchants, which is a part of the common law, and need not now be declared on as a custom. I have said above, the declaration contains an allegation of an implied promise to pay ; short, but explicit, without any formal averments of its having been made in consideration of the defendants' liability. A sufficient consideration had been already shown, and such formal reference thereto could hardly answer any valuable purpose, but only to swell the length of the declaration. The note appears to be payable on demand, and a special request is also stated. This appears to me to be unnecessary ; the bringing the action is request enough in this case. With this request is coupled an averment that the defendant did not pay, which seems superfluous, as the general

breach at the close seems broad enough to embrace this count. The declaration omits in this case, the charge of want of good faith, once commonly introduced into proceedings against common persons. Whatever apology for this allegation might have existed, while trial by wager of law was in use, none exists in our courts, where this trial, as applicable to this case, has long since been abolished. The want of pledges, as has heretofore been distinctly intimated by this court, forms no valid objection. *Bank of New Brunswick* v. *Arrowsmith,* 4 *Halst.* 284. That case is valuable, as showing the willingness of this court to dispense, in legal proceedings, with all useless form. I conclude this part of the case by repeating, in the words of another, the substance of what I have before said, that this count in the declaration, " states," whatever circumstances are necessary to constitute the cause of complaint, and all beyond is surplusage, and ought therefore to be omitted. And the statements are made with all that certainty which a declaration requires. I have omitted almost entirely, to name the authorities and precedents which I have consulted in my progress thus far. They may be found, however, on reference to practical treatises in common use, especially *Chitty on Pleading* and *Bills.*

The second count is like the first.

I do not propose examining particularly the third count, but content myself with the general remarks above made, which, with the general principles already quoted, may be applied to this count, and in my opinion, are sufficient to sustain it. This observation, however, does not extend to any objection for the joinder of several distinct causes of action, in one general count. As to the common money counts, this joinder has as I believe, extensively prevailed in practice for many years past, and I have never yet been apprised that any evil or inconvenience has arisen therefrom, to either party. It has many advantages with respect to the practitioner, the clerk, and the public records, as well as the expense of litigation. The extension of the practice to all claims upon *indebitatus assumpsit,* has the sanction of such names as Chitty and Williams; and at least one precedent for it is reported as far back as Saunders' time, though without any opinion of the court upon it. The demands, as to their nature and extent, are as clearly shown in this way as in the more ancient practice, and the defendant can as well

meet them by plea and proofs. Vide 2 *Saund.* 122, *a and note* 1 ; 2 *Wm. Blackstone*, 910, *Domesland* v. *Thompson*, *&c al.* ; 4 *Johns.* 280, *Bailey & al.* v. *Freeman ; Impey's Pleader ;* 2 *Chitty on pleading*, *page* 43, *text and note.* I think, therefore, the demurrer should be overruled.

I would remark, further, although impertinent to the point before the court, that I am sensible of the value of the science of pleading and of its due application in practice, and I would be very far from discouraging a' strict attention to it. The more the counsel are versed therein, the more safely can a client's interest be committed to their care. And it requires more knowledge and judgment, duly to abridge, than to pursue established forms. Let none think, therefore, that I mean to discourage or diminish, as useless, the labour and research of the student, or to dispense in pleading with any matter of substance.

Judgment for plaintiff.

CITED in *Elmendorf* v. *Shotwell*, 3 *Gr.* 153.