## GREGORY A. PERDICARIS *ads.* THE TRENTON CITY BRIDGE COMPANY.

1. In an action brought to recover the amount of a subscription to the capital stock of an incorporated company, the declaration should set out the act of incorporation. It is not sufficient to state the agreement to be to pay the amount claimed according to the provisions of the charter of the company.

2. The court will not take judicial notice of a private act, and where a promise refers to another writing or a private act, to ascertain its extent and mode of performance, the writing or act so referred to becomes a part of the agreement, and must be set out in pleading, or the statement of the contract will be defective.

3. The defect is one of substance, and not of form, and may be taken advantage of on general demurrer.

4. When the common counts are included together they are considered as one count ; they are not different considerations for one debt, but are distinct debts, and one general promise to pay is a promise to pay each debt, and the plaintiff may recover some of them, and fail on the others.

5. Common counts, setting forth that the defendant is indebted to the plaintiff in a certain sum for the unpaid installments on a specified number of shares of the capital stock of the plaintiff before that time subscribed by him, and in a further certain sum for the capital stock of the said plaintiff before that time subscribed for and taken by him, are insufficient, they evidently being founded on an executory contract.

6. There cannot be a recovery on the common count for goods sold and delivered, unless the agreement is complete by an absolute delivery. If anything remains to be done to complete the sale, and vest the property in the vendee, the action must be brought on the special contract.

7. A general demurrer to a declaration will be overruled if one count is good.

On demurrer to narr.

Argued before the Chief Justice and Justice ELMER.

*Beasley*, for defendant.

*Kingman*, for plaintiffs.

The opinion of the court was delivered by

The CHIEF JUSTICE. This is a demurrer to a declaration in *assumpsit*, brought to recover the amount of the defendant's subscription to the stock of the plaintiffs, who are a company chartered under an act passed by Pennsylvania and also under an act of the legislature of this state.

The demurrer is to the whole declaration. It contains two counts, setting forth the contract of subscription, or attempting to do so. The common counts are added.

The contracts set out in the first and second counts, after stating the incorporation of the plaintiffs and the subscription of the shares, are stated to be, to pay the installments on the said shares, until the whole amount should be paid therefor, according to the terms and provisions of the charter of the said company. This is the language of the first count, and the second is in substance the same.

The charter is a private act, and the terms and provisions contained in it, as to subscription and the mode of payment, have not been set out.

The promises to pay set forth are not absolute, but refer to the charter. A private act must be set forth in pleading; the court cannot take judicial notice of it. 4

*Rep.* 75; *Holland's case,* 2 *Roll. Ab.* 466; *Bac. Ab., title* "*Stat.,*" *L* 2; 1 *Black. Com.* 86; *Chitty's Pl.* 1, 247.

Where a promise refers to another writing, or an act which is not public, for a specification of its extent and mode of performance, the writing or act is made a part of it, and the statement is substantially defective, unless the writing or private act, or so much of it as is referred to, be set forth.

The defect is one of substance, not form, and may be taken advantage of on general demurrer. The first two counts are therefore bad.

The common counts set forth that the defendant was indebted, &c., in the sum of $1000 for the unpaid installments of forty shares of the capital stock of the plaintiffs, before that time subscribed for by him, and in the further sum of $1000 for the capital stock of the said plaintiffs before that time subscribed for and taken by him, &c.; in the further sum of $1000 found due on an account stated between them, and in the further sum of $1000 for money lent before, &c., paid, laid out, and expended, &c.

The practice of including the common counts in one, to avoid prolixity, has been long since determined to be good pleading, upon the principle that, when several distinct considerations are stated for one indebtedness, an indebtedness being stated in a given sum, that indebtedness is a sufficient consideration for the promise which the law raises to pay that money. *Webber* v. *Tivill,* 2 *Saund.* 121, *a, note* 2; *Bailey and Bogert* v. *Freeman,* 4 *Johns.* 280; *Dowland* v. *Thompson,* 2 *Black.* 910.

Where but one indebtedness and one promise is stated, it is considered but one count. *Bowman* v. *Malcolm,* 11 *Mees. & Wels.* 831.

But when distinct debts are stated, as in this case, although a general promise is stated to pay each of them, the promise is to be treated as if laid to each debt. The promise may be laid in this way to avoid prolixity, but it is not entire in facts, though so in form, because the plain-

tiff may recover one of the debts laid, and fail as to the rest. The counts in this form are not statements of different causes for one debt, and one promise to pay it, as in the case of Webber *v.* Tivill, but of different debts, for different causes and different promises.

Treating them, then, as several counts, if any of them are good, the demurrer must be overruled. The counts on an account stated, and for money paid, &c., are unquestionably good.

The two counts for stock subscribed and taken are bad. They are evidently framed upon executory contracts, that the defendant was to have the stock when he paid for it. They are not upon an executed contract for the sale of the stock as chattels, when the title to it has passed already, and the action is for the price. The counts, to be good, should have been for the price of shares of stock sold and transferred to the defendant, if that was the true state of facts. They would then show that nothing was to be done by plaintiffs to vest the title to the stock in the defendant. A count for goods sold and delivered, or bargained and sold, cannot be maintained, unless there has been a complete sale, and the property of the goods has become vested in the vendee by the sale and an actual acceptance of the goods. In such a case the sale and acceptance of the goods completes the right of the plaintiff to the price. The complete execution of the agreement to buy precludes all dispute as to the existence and terms of the agreement, so far as the fact of sale is concerned. *Simmons* v. *Swift,* 5 *B. & C.* 864 ; *Hanson* v. *Meyer,* 6 *East* 614 ; *Goodall* v. *Shelton,* 2 *H. Black.* 316. In the last case it was held that the action for goods sold and delivered would not lie, although the wool was packed in the defendant's cloths, and put in a particular place, till his wagons should come and take it away, because the plaintiff had said it should not go away till he had the money for it. The mere retention of his lien for the price was fatal to the action.

*Outwater* v. *Dodge*, 7 *Cowen* 87, also sustains the doctrine that unless there be an absolute delivery there can be no recovery on the common counts, but that in such cases the action must be on the special contract.

Judgment for the plaintiff, with leave to the defendant, &c.