Breen v. Sullivan.

## Maurice Breen

### v.

## Philip Sullivan.

1. Pleading—Set-off.—Set-off is in the nature of a cross-action and in effect becomes a declaration for the defendant; and if the averments would disclose a cause of action if embodied in a declaration, they would be sufficient in a plea.

2. Single counts.—Where a count alleges but one debt founded upon several considerations, it is regarded as single, and if the plaintiff proves one or more of them, he is entitled to a judgment *pro tanto* though he may fail as to the others.

Error to the Circuit Court of Woodford county; the Hon. N. M. Lands, Judge, presiding. Opinion filed February 3, 1880.

Action of assumpsit commenced by defendant in error against plaintiff in error.

The consolidated common counts constitute the declaration.

The defendant below among other pleas filed the following:

" And for a further plea in this behalf, the defendant says *actio non*, because he says that the plaintiff was before and at the time of the commencement of this suit and still is indebted to him, the defendant, in the sum of fifteen thousand dollars, for the use and occupation of certain rooms and furniture of the defendant, before that time used and enjoyed by plaintiff at his request; and for the meat, drink, washing, lodging, attendance and other necessaries and goods before that time found and provided by the defendant for the plaintiff, at his request; and for money paid at the request of the plaintiff, by the defendant, for medical services and attendance, advice and medicines before that time given and provided by the defendant for the plaintiff at his request, and for nursing, care and attention, and other necessaries furnished to the plaintiff by the defendant, at the request of the plaintiff, during divers times of the sickness of said plaintiff before that time, and for divers

large sums of money had before that time paid out by the defendant for the use and benefit of the plaintiff, at his request, for taxes on, and for expenses concerning divers pieces of land, belonging to plaintiff for a long period of time to-wit: from the year 1855 to 1861, both inclusive, amounting in all to a large sum to-wit: the sum of $15,000, and for the necessary clothes and wearing apparel of the plaintiff before that time found and provided by the defendant for the plaintiff, at his request, which said sum of money so due from the plaintiff to the defendant as aforesaid exceeds the damages sustained by the plaintiff by reason of the non-performance by the defendant of the said several supposed promises, in the said declaration mentioned, and out of which sum of money the defendant is ready and willing, and hereby offers, to set off and allow to the plaintiff to the full amount of said damages, and this the defendant is ready to verify; wherefore he prays judgment if the plaintiff ought to have his aforesaid action against him, etc."

To this plea the court sustained a demurrer, and the defendant abided by the plea.

Messrs. BARNES & MUIR, for plaintiff in error; as to the sufficiency of the plea of set-off, cited Read v. Walker, 52 Ill. 333; Bailey v. Freeman, 4 Johns, 280; 2 Saunders, 112; 1 Chitty's Pl. 342; Fitch v. Haight, 4 Scam. 51.

Admissions to take a case out of the Statute of Limitations should not be uncertain and indeterminate: Cagwin v. Ball, 2 Bradwell, 723; Carroll v. Forsyth, 69 Ill. 127; Wachter v. Albee, 80 Ill. 47; Keener v. Crull, 19 Ill. 189.

The promise to pay must have special reference to the debt in controversy: Norton v. Colby, 52 Ill. 198; Burr v. Burr, 26 Penn. 284; Moon v. Bank of Columbia, 6 Pet. 86.

The defense of the Statute of Limitations must be raised by plea: Burnap v. Wight, 14 Ill. 303; Gebhart v. Adams, 23 Ill. 397; Borders v. Murphy, 78 Ill. 81.

Set-off could not be shown under the general issue, and hence it was error to sustain the demurrer to that plea: Smith v. Riddell, 87 Ill. 165.

The position that there was a running account between the

parties is not sustained by the evidence: Thompson v. Reed, 48 Ill. 118; Freeman v. Freeman, 65 Ill. 106.

Messrs. CHITTY, CASSELL & GIBSON, for defendant in error; that where it appears substantial justice has been done the verdict will not be disturbed, cited Leigh v. Hodges, 3 Scam. 15; Smith v. Schultz, 1 Scam. 490; Gillett v. Sweat, 1 Gilm. 475; Newkirk v. Cone, 18 Ill. 449; Young v. Silkwood, 11 Ill. 36; Greenup v. Stoker, 3 Gilm. 202; Lowry v. Orr, 1 Gilm. 70; Bloom v. Crane, 24 Ill. 48; Jenkins v. Brush, 3 Gilm. 18; Sullivan v. Dollins, 13 Ill. 85.

PILLSBURY, P. J.   It is urged, in support of the demurrer, that the plea is uncertain and informal, and that there is no amount alleged in the plea as being due for each consideration named therein.

Set-off is in the nature of a cross-action, and in effect, becomes a declaration for the defendant, and if the averments would disclose a cause of action, if embodied in a declaration, they would be sufficient in such plea.

The practice of including the common counts in one to avoid prolixity is considered good pleading, and has the sanction of both English and American authority.   Cro. Jac. 245 ; Webber v. Tevill, 2 Saund. 121 ; Bailey & Bogart v. Freeman, 4 Johns. 280.

Where such count alleges but one debt, as in the plea above, though founded upon several and different considerations, the count is regarded as single; but where a debt is named for each consideration, then each statement of debt and consideration is treated as a separate count.   Morse v. James, 11 M. & W. 831.

It is also settled by the above authorities, that where several considerations are alleged for the one debt, if the plaintiff shall prove one or more of them, he will be entitled to recover *pro tanto*, although his proof may fail as to the others.   We think the plea is good and should be answered.

The demurrer to the fourth plea was properly sustained, as the matters therein alleged can be given in evidence under the general issue.

For the error in sustaining the demurrer to the plea of set-off, the judgment must be reversed and cause remanded.

As the case must go before another jury, we refrain from expressing any opinion upon the evidence.

Judgment reversed.