EDWARD C. MORAN, Appellant, v. CATHARINE McLARTY, Impleaded, etc., Respondent.

| 75 | 25 |
| 127 | 212 |

The rule that where there is conflicting evidence, or any evidence to sustain a finding, it is error to reverse, has no application where the appellate court has power to review the facts.

In such case while proper allowance should be made for the judgment of the trial court, it is not controlling, and the appellate court must assume the responsibility of determining the facts from the evidence.

The testimony of a witness which is merely controverted and not otherwise impeached cannot ordinarily be entirely disregarded as utterly false.

Where a party previous to executing a written agreement has full opportunity to examine it so as to know its contents, yet voluntarily signs without making such examination, he cannot claim a reformation of the agreement simply upon evidence that it contains obligations he was not cognizant of and did not intend to agree to; there must be clear evidence of a mutual mistake or of fraud to authorize a reformation.

In an action to reform an assignment of a mortgage by striking out a guaranty of payment contained therein, plaintiff's evidence was to the effect that no guaranty was contemplated by the parties, and nothing

was ever said to him about guaranteeing. Two witnesses for defendant, however, testified that plaintiff positively agreed to guarantee, immediately before the assignment was drawn, and that the form of the assignment was dictated in his presence. Plaintiff testified that he partially read over the instrument and had full opportunity to examine it, but failed to notice the guaranty. *Held*, that no case was made out authorizing a reformation, and that a judgment of Special Term in favor of plaintiff was properly reversed by the General Term.

(Argued June 14, 1878 ; decided November 12, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a decision of the court or trial at Special Term. (Reported below, 11 Hun, 66.)

This action was brought to reform the assignment of a bond and mortgage executed by plaintiff to defendant, by striking therefrom a guaranty of payment of the bond and mortgage contained therein, upon the ground that the same was inserted by fraud or mistake.

The facts appear sufficiently in the opinion.

*William A. Coursen*, for appellant. A decision of the court at Special Term on a matter of fact will not be disturbed on a review, in cases where there is a reasonable support of the facts found in the evidence. (*Woodruff* v. *McGrath*, 32 N. Y., 255; *Westerlo* v. *De Witt*, 36 id., 345; *Fellows* v. *Northrup*, 39 id., 117.) Plaintiff proved such mistake and fraud as entitled him to the relief demanded in the complaint. (*Jackson* v. *Andrews*, 59 N. Y., 244, 247; *Nevins* v. *Dunlap*, 33 id., 676; *Story* v. *Conger*, 36 id., 676; *Lyman* v. *Utica Ins. Co.*, 17 J. R., 373; *Mead* v. *Westchester Ins. Co.*, 64 N. Y., 453, 455.)

*Thomas Allison*, for respondent. The General Term has the power and it is its duty to pass upon the weight of conflicting evidence on an appeal from a judgment rendered at Special Term, and if the result is not in accordance with the truth to reverse the judgment and direct a new trial. (*God-*

*frey* v. *Moser*, 66 N. Y., 250, 252, 253; *Hubbell* v. *Meigs*, 50 id., 480–484; *Finch* v. *Parker*, 49 id., 1, 8, 9; *Parsons* v. *Brown*, 5 Hun, 112.) The finding of facts without evidence or refusing to find facts on uncontradicted evidence is error of law. (*Matthews* v. *Coe*, 49 N. Y., 60; *Beck* v. *Sheldon*, 48 id., 369; *Mason* v. *Lord*, 40 id., 484.) As it appeared that plaintiff signed the assignment with the guaranty in it, although he did not know it was there, yet as he had full opportunity to know it was there, and as nothing was said about a guaranty he failed to make a case for reformation. (*Jackson* v. *Andrews*, 59 N. Y., 244, 248, 249; *Waggoner* v. *Millington*, 8 Hun, 142; *Kirkland* v. *Dinsmore*, 62 N. Y. R., 171, 178, 179; *Phillip* v. *Gallant*, 62 id., 256; *Wheaton* v. *Fay*, 62 id., 275; *Mills* v. *Lewis*, 55 Barb., 179; *Smith* v. *Macklin*, 4 Lans., 41; *Thomas* v. *Bartow*, 48 N. Y., 193; *Nevins* v. *Dunlap*, 33 id., 676; *O'Donnell* v. *Harman*, 3 Daly, 424.)

MILLER, J. The General Term reversed the judgment of the Special Term both upon the facts and the law and where a review of the facts by an appellate tribunal is proper, it is as a general rule its duty to pass upon the facts from the evidence. The rule that where there is conflicting evidence or any evidence to sustain the finding that it is error to reverse has no application in such a case. While proper allowance should be made in reviewing the facts, where the testimony is conflicting for the judgment of the trial court who saw and heard the witnesses testify while upon the stand, this is not entirely controlling and the General Term must assume the responsibility of examining the whole case and determining from the evidence where the truth lies. (*Godfrey* v. *Moser*, 66 N. Y., 250. See, also, *Hubbell* v. *Meigs*, 50 N. Y., 480, 484; *Mead* v. *W. F. Ins. Co.*, 64 id., 453.) It would be a rare and extraordinary case which would justify such court in the discharge of its duty to hold that the testimony of a witness which was merely controverted and not otherwise impeached should be entirely disre-

garded and set at naught as utterly false and untrue.

In the case now considered we have carefully examined the evidence introduced upon the trial and are not prepared to say that there was any error in the reversal of the judgment by the General Term. The testimony is fully discussed in the opinion delivered by that court and we think that the decision should be upheld. It is true there is a conflict of evidence upon the only question at issue upon the trial which was that there was a material mistake or that a fraud was perpetrated by the insertion of the guaranty of the mortgage in the assignment. The plaintiff testifies very distinctly to facts which indicate that no guaranty was in contemplation of the parties prior to the execution of the assignment, and that not a word was said at that time in regard to it, nor was the plaintiff ever spoken to about guaranteeing the payment of the mortgage. Mr. McKee the attorney of the defendant on the other hand testifies that the plaintiff positively agreed to guaranty the same immediately before the assignment was drawn and executed, and that in the presence of the plaintiff he dictated to his clerk the form in which the guaranty should be drawn. The clerk corroborates his testimony in this respect and says he asked Mr. McKee if the guaranty was to go in the assignment in the presence of the plaintiff, and Mr. McKee said yes and dictated the terms in which it was written. A point is made that the witness does not swear that it was in the hearing of the plaintiff, but we think it is a fair assumption that the plaintiff if present must have heard it. But even if it were otherwise and conceding that he did not, the testimony of the plaintiff and McKee would then be balanced as to the instruction given by McKee without any direct impeachment of either of them and with no positive proof of a mutual mistake, and with no evidence of any fraud. No case therefore was established which entitled the plaintiff to a judgment reforming the assignment.

Without regard however to a balanced case the evidence in favor of the defendant is sustained and made more certain by the written instrument containing the guaranty. The

plaintiff's testimony does not contradict this instrument as it only shows his intention. He states that he only read it over partially but with full opportunity to examine its contents he failed to observe the guaranty which was contained in the same, and after this he voluntarily signed and executed the assign-. ment. It was his own fault and negligence that he did not notice the guaranty and for this the defendant or her attorney who transacted the business on her behalf were not responsible. A careful attention on the part of the plaintiff at the time would have avoided the difficulty and relieved him from liability. For the inadvertence of the plaintiff in not examining the assignment and not giving such attention as was required the defendant should not suffer, as a fair presumption may be indulged that neither she nor her attorney had any intention to leave out the guaranty. There was no mutual mistake and the plaintiff cannot maintain the action.

We have carefully considered the various considerations urged by the plaintiff's counsel to sustain the theory that the judgment at Special Term is supported by the evidence but we are unable to discover any legal ground upon which it can be upheld under the facts presented.

The plaintiff's counsel relies upon the terms upon which the loan was made originally, when no guaranty was mentioned, but we think it is not so utterly irreconcilable with the subsequent understanding that a guaranty was to be given which was incorporated in and constituted a part of the instrument as to overcome or avoid such guaranty. Such an arrangement might well constitute a portion of the negotiations and became a part of the written contract by an agreement afterwards.

The rule applicable to a case where a reformation of a written instrument is sought upon the ground of a mistake or fraud is correctly stated in the opinion referred to, and we concur in the views there expressed applying them to the case at bar. Neither an actual mistake nor fraud was sufficiently made out to justify a court of equity to change the language of the written instrument sought to be reformed,

and it was not established as the law requires that both parties agreed to something different from what was contained in the assignment.

The order of the General Term should be affirmed, and judgment absolute rendered against the plaintiff on his stipulation, with costs.

All concur.

Order affirmed.

Judgment accordingly.