Macomber, J.
The action was brought against the personal representative of William N. Wilson, deceased, to establish the existence of a lost stipulation alleged to have been made in an action pending in this court in which Wilson was the plaintiff ana Anna Maria Been was defendant, which provided for the discontinuance of two actions pend-ing in the marine court of the city of New York, in one of which a judgment had been entered in favor of Anna Maria Been as plaintiff against the said Wilson as defendant, from which an appeal had been taken, and the other of which of the same title was pending in' that court undetermined.
Upon the first trial óf this case the complaint was dismissed upon the ground that the plaintiff had a remedy, by motion in the marine court to set aside the judgment in *130 one case and to discontinue the action in the other case, based upon the alleged stipulation. Upon appeal' to the general term of this court (Deen v. Milne, 15 Abb., N. C., 350), such judgment was reversed and a new trial ordered, this court holding, in substance, that the action could be maintained upon the facts alleged in the complaint, and that the supposed remedy by motion in the marine court, if it existed at all, was but a remedy concurrent with this action. The decision now under review dismissed the complaint, after hearing the evidence, upon the facts, the learned judge holding that the evidence did not establish -the allegations of the complaint. Upon this appeal the questions of fact, as well as those of law, are before tis. Code of Civil Procedure, section 1346. Though the trial court has the benefit of the appearance and manner of witnesses before it, yet we are obliged to assume the responsibility of examining the whole case and determining from the evidence whether the conclusion of the learned trial judge was correct or not. Moran v. McLority, 75 N. Y., 25.
It appears that the actions brought in the marine court, above referred to, were begun to recover respectively a monthly instalment of rent which had accrued upon a lease executed by the plaintiff therein to the lessee and his surety. One of .these actions, as has already been stated, had proceeded to judgment and that judgment was adverse to the landlord, this plaintiff, and in favor of the tenant, and an appeal therefrom had been taken to the general term of this court. After the second action had been brought for another instalment of rent, the case of Wilson against this plaintiff was begun in the supreme court of this state, to restrain the further prosecution of the actions so pending and to prevent the beginning of other actions involving the same question. The claim made by the plaintiff in the action now under consideration is that immediately after the trial of‘the equity action had begun at special term, the judge presiding refused to entertain it until the actions in the marine court had been disposed of, holding, as some of the witnesses say, in substance that the remedy sought by that equity action could not be had while the other cases were pending in the marine court, and that thereupon, after some discussion and hesitation, a stipulation was made orally in court that both of those actions pending in the marine court should be discontinued and that such oral stipulation was reduced to writing and signed by counsel present, the court taking a short recess to enable them to perfect the papers. To maintain this contention, the plaintiff called as a witness her attorney of record and counsel in the former case and in the cases *131 in the marine court, Mr. John K. Hill, who testifies that after the equity case had been opened for the plaintiff by Mr. Ohetwood, counsel for the plaintiffs therein, the judge spoke of the verdict and judgment in the action in the marine court and said in substance that he could not try the case then before him so long as that judgment stood in the way, and that Mr. Ohetwood, after some little talk with counsel on each side, offered to vacate that judgment and discontinue that action. He further says that Mr. Ohetwood offered to vacate that judgment and discontinue the action in number one, which was the action wherein the judgment had been entered, provided that he, the witness, would discontinue action number two, which had then been untried and undetermined. Upon that suggestion being made the witness accepted it at once, and the trial was suspended by the judge in order that the stipulations might be exchanged, that he signed one of the stipulations in each action on the part of Mrs. Deen and Mr. Ohetwood, signed another in behalf of the plaintiffs in that action, Wilson and Perry, and that the one received by the witness was signed in the name of John Ohetwood, the attorney of record, though the witness is not certain it .was signed in the name of John Ohetwood, or in the name of his brother, who was counsel in the case, and who had the conduct of the trial of that equity action. The witness further testifies that after-wards the judge returned to the bench and resumed the trial of the action, and it is an established fact throughout the whole case that the actions in the marine court were never afterwards mentioned as having any bearing upon the trial of the suit, and that neither was the appeal prosecuted in the one action, nor the trial ever afterwards moved in the other case.
The stenographer, upon that trial, made the following entry in his minutes: “ By consent the action in the marine court in which a verdict was rendered is discontinued without costs to either party.” The stipulation that was received by Mr. Hill was shown to have been lost or mislaid, but that the one signed by him, and which he said was delivered to Mr. Ohetwood, was, upon notice, produced upon the trial in this action, and was, in substance, for the discontinuance of the cases in the marine court. Another witness in behalf of the plaintiff, Mr. George Conover, was the clerk of Mr. Hill, and kept his law register at the time of the trial of the equity case, and testifies that at the time mentioned, namely, the second, third or fourth of December he made an entry-in the register in each action in the marine court to the effect that the case had been discontinued by stipulation. Mr. Van Burén, another witness, testifies that he was present at the trial of the equity case, and *132 that the judge declined to hear it, and Mr. Ohetwood asked the reason, and the judge said: “You have a cause pending in another court; you cannot have two remedies going on at the same time in two different courts on the same subject; ” that Mr. Ohetwood argued the case to the judge sometime; that the judge said he would not go on with the case unless all the former proceedings were vacated, and that then Ohetwood said: “If I vacate the former case, where will we be then?” The judge said: “You will be just where you were in the commencement, as if nothing had been done.” Then the counsel for the respective parties- talked together, and the judge suspended the trial to enable them to prepare and pass the papers, and after that had been done, though he did not see the papers himself, he says that the judge came, back and the cause went on. The plaintiff herself also testified that the judge said he would not go on unless they would agree to- abandon the case in the marine court. That some papers were drawn up and there was some talk between the lawyers and that Mr. Ohetwood consented to take the case out of court.' She further says that the papers were-signed by all-parties, both seemed to be satisfied. Mr. Macklin, the stenographer, gave evidence verifying his entry in the minutes of that trial, as already mentioned. Benjamin 0. Thayer testified that he was present at the trial during a portion of the time and very soon after it was begun. He remembered that two actions were mentioned as pending in the marine court; that it came. out on the beginning of the trial that a judgment had been recovered- in the marine court, and there was some hitch in the trial of the case then going on. He does not remember distinctly how it arose, but he says that he knows there was- some objection to the case, going on, whether it came from the counsel or the- court he could not tell, because there had been a judgment already rendered in the marine court; and his recollection is it was deemed necessary to-get rid of the proceedings in the marine court. He further says that the court suggested that he would not try the case unless that- judgment was out of the way, and that then it was agreed before the court by the attorneys for the different parties that those actions should be put out of the way, and this actiori which was on trial should go on. He did not see the papers signed, but says that the attorneys'agreed to make some papers or agreed to discontinue the actions in the marine court..
The evidence in.behalf of. the defendant may,be stated in the language of his counsel, as- contained in the brief to the;case.,
John- Ohetwood, called fbr the defendant, testified that *133 he was not present at the trial in the special term, and he did not know what took place there; that the stipulation produced had been found among his papers at the time of the trial in the United States court, which was in 1881; that the first he knew of them was that either his clerk or his brother had presented them to him at his office not very long after the trial before the special term of this court in the action of Wilson and another against Been; that they were presented to him signed by Mr. Hill, to be signed by the witness, and he never authorized his brother or Bradbury 0. Ohetwood or anyone else to sign a stipulaion on his behalf vacating the judgment in the marine court.
Bradbury 0. Ohetwood testified that the objection made by the judge was to the pendency of the appeal from the judgment in the marine court; that he (the witness) discussed the matter with the judge for some time, when Mr. Hill suggested they should let the appeal go. Some such arrangement was made and the trial proceeded; that the judge said nothing about disposing of the judgment, but only of the appeal; that he (the witness) never agreed to vacate the judgment; that no written .stipulation was prepared or signed there, certainly none vacating the judgment; that neither Wilson nor his attorney ever authorized the witness to vacate that judgment; that he remembered that the stipulation to vacate the judgment produced by the defendant was brought to his brother’s office soon after the trial and that they refused to sign it.
It will be observed that though the record of the trial of the action of Wilson and another against Been shows that John Ohetwood, who was the attorney for the plaintiffs in that action, was personally present, yet he testifies that he was not there and consequently could have taken no part either in the discussions of the questions that were raised by the court or have participated in the arrangement or agreement by which the trial finally proceeded. The only other witness for the defendant, Bradbury C. Ohetwood, who had charge of the trial of the case as counsel for the plaintiffs therein, admits that the subject-matter of the case in the marine court was brought up and was made the subject of discussion, yet, his recollection is that it was in relation to the appeal that was pending from the judgment that his clients had obtained therein against Mrs. Been upon her claim against them for rent. These several witnesses speak at a time many years subsequent to the occasion when their acts were done and consequently with more or less liability to error in their recollection in the particulars thereof. Under these circumstances, resorting to the probabilities of the case, there are many conceded facts that go to substantiate and affirm the testimony given in behalf of the plaint *134 iff. One of those circumstances is the possession by Mr. Chetwood of the stipulations which were signed by Mr. Hill and his retention of them for a period of nearly ten years. Another circumstance is, which is also undisputed, that the court for some reason refused to proceed with the trial of the case, but that afterwards, under representations that the difficulties which he had raised had been removed, resumed the trial and finished it. What reason could the court have • had in its mind for suggesting that only the appeal be dismissed in the case of Deen v. Wilson & Perry in the marine court, particularly as Mr. Chetwood testifies he resisted any suggestion the court had made upon the subject? How can it be possible that any judge could suppose for a moment that the embarrassment of the situation would be removed by a discontinuance of the appeal? If the appeal were discontinued, there would remain the judgment absolute and unaffected in favor of W'ilson & Perry, and would lead unresistingly to a judgment in their favor in the equity action, restraining the further prosecution of actions upon the lease by Mrs. Been, yet, the counsel if his recollection serves him accurately, is placed in the attitude of resisting a suggestion of the court which would so overwhelmingly redound in his favor, if it was adopted by the parties to the proceeding then pending before him. We are of the opinion that the preponderance of the conflicting evidence, taken in connection with the well-established and conceded facts, requires us to reverse the decision of the trial court upon the principal question of fact.
No reasonable doubt can be entertained as to the validity of the stipulation of B. 0. Chetwood, if it was actually made in open court or was executed by him in writing. The act was done during the progress of the trial and seems to have been required before the action which he himself was pressing, could proceed. The parties to the action were all present and are bound by any act that was taken by counsel, though he may not have been the attorney of record. By giving his consent to vacate the judgment in favor of his clients for costs in the marine court, he secured two advantages, -one was the discontinuance of the other action in the marine court against his clients for an instalment of rent, and the other was the obtaining leave that the court should proceed with the trial of the case then in hand to the finish. We think that the defendants cannot now be permitted to repudiate any act which was done evidently with their clear consent and by which they acquired such rights and and advantages.
The judgment should be reversed and a new trial granted, with costs to abide the event.
Daniels and Brady, JJ., concur.