(42 App. Div. 416.)

### JAYCOX v. TREMBLY et al.

(Supreme Court, Appellate Division, Third Department.   July 6, 1899.)

1. BILLS AND NOTES—CONSIDERATION—NEW NOTE—SURETY.
    Where a creditor surrenders two notes past due,—one of the principal debtor alone, and one of the principal and a surety,—and takes a new note for the entire debt, payable at a later date, executed by the principal and surety, the latter is bound on the new note for the whole debt.

2. SAME—MISTAKE AS TO AMOUNT.
    One who signs a note as surety without reading it, or knowing its terms, under a misapprehension as to the amount, cannot be relieved from liability thereon when the signature was procured without any fraud or misrepresentation.

Appeal from special term, Tompkins county.

Action by James A. Jaycox against Lucy Trembly and another. From a judgment for plaintiff, defendant Lucy Trembly appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John A. Milne, for appellant.
Randolph Horton, for respondent.

PUTNAM, J.   On the 23d day of August, 1889, the defendant Leroy Trembly, being indebted to the plaintiff in the sum of $310.83 for goods sold, made and delivered to the plaintiff his promissory note for that sum, payable one year after date, with interest.   Thereafter, on the 8th day of January, 1890, in consideration of a loan to the said Leroy Trembly, a note for $300, signed by the defendants Leroy Trembly and his wife, Lucy Trembly, as makers, payable nine months after date, with interest, was also made and delivered to the plaintiff. In the month of June, 1892, a new note, dated April 1, 1892, payable 12 months after its date, for $699.66, which sum represented the amount due on the two notes before mentioned, including interest to the date of the new note, was made by the defendant Leroy Trembly and his wife, and delivered to the plaintiff herein, upon the surrender of the two notes first above mentioned.   The signature of Lucy Trembly to the last-named note was procured by her husband, at the suggestion of the plaintiff that he wished an indorser; the suggestion being made in an interview at which the defendant Lucy Trembly was not present, and her signature being affixed to the instrument in the absence of the plaintiff.   The note for $699.66 remaining unpaid after its maturity, the plaintiff brought this action to recover the amount due thereon, and from the judgment rendered by the court below in favor of the plaintiff the defendant Lucy Trembly alone appeals to this court.

The appellant, although admitting the genuineness of her signature to the note in suit, urges on this appeal a partial failure of consideration (she having offered to allow judgment to be taken against her for the amount due upon the $300 note), and that she signed the said note without reading it, under a misapprehension, believing it to be merely a renewal of the $300 note, and not knowing that it also included the note for $310.83, on which her husband alone was liable, and that, in consequence of her mistake, she was only liable for the sum for which she offered judgment. There was a sufficient consideration for the note in suit. The plaintiff surrendered the two notes then past due,—one made by both of the defendants, and the other made by Leroy Trembly alone,—and received in place of the surrendered securities a new note payable 12 months from its date. The surrender by the plaintiff of the notes in question, and the extension by the substituted security of the time of payment of the debt secured thereby, constituted a valuable consideration. Pratt v. Coman, 37 N. Y. 440; Cary v. White, 52 N. Y. 138–143; Meltzer v. Doll, 91 N. Y. 365–368. Such surrender and extension of the time of payment was a valuable consideration, not only as to the principal debtor, Leroy Trembly, but also as to the appellant, Lucy Trembly. While the contract of a surety requires a consideration to sustain it, such consideration need not be something passing from the creditor to the surety. "Benefit to the principal debtor, or harm or inconvenience to the creditor, is enough to form a consideration for the guaranty; and the consideration in that shape may be executory as well as executed at the time." Coal Co. v. Blake, 85 N. Y. 226–232. But the appellant, by becoming a party to the new note, obtained for her own personal benefit a year's forbearance on the part of the creditor in the enforcement of the note for $300, upon which she was concededly individually liable, and which was then overdue. As there was a valuable consideration for the note in suit, when it was executed, as between the plaintiff and the appellant, it is evident that there has not been a partial failure of consideration thereof. The note was given in place of the two surrendered notes, and of the extension of the time of payment of the debt secured thereby. This surrender and extension was then, and now remains, a valid consideration as to the principal debtor, the defendant Leroy Trembly, and therefore also as to the appellant, his surety. Coal Co. v. Blake, 85 N. Y. 232.

The appellant urges that, although she signed the instrument in suit, she did so without reading it, or knowing its terms, believing it to be a renewal of the $300 note, and therefore seeks to be relieved from her liability thereon. No claim is made that she could not read the instrument, but simply that she did not. It will be observed that in her answer she does not allege any fraud or mistake on the part of the plaintiff, nor does she set out any fraud of the defendant Leroy Trembly in procuring her signature to the note. She simply avers her own mistake in signing the note without reading it. Nor did the evidence on the trial show any fraud or mistake on the part of the plaintiff. He held the two notes, one signed by the defendant Leroy alone for $310.83, and the other for $300, executed by both the

defendants. These notes were past due, and he was urging payment thereof. He was willing to take a new note, payable one year from date, executed by both defendants. He obtained what he demanded. There was not the slightest evidence of any fraud on his part in procuring the signature of the appellant to the note, or showing any connection on his part with her mistake. It is a well-settled doctrine that in equitable actions, when a party seeks relief on the ground of a mistake, the court will refuse to interfere unless there has been either a mutual mistake of the parties, or a mistake upon one side and fraud upon the other. Moran v. McLarty, 75 N. Y. 25; Smith v. Smith, 134 N. Y. 62, 31 N. E. 258; Savings Institution v. Burdick, 87 N. Y. 40; Kirchner v. Machine Co., 135 N. Y. 182–189, 31 N. E. 1104. The principle thus established in equitable actions applies to such a case as this, where in an action at law, brought to recover on a written instrument, the mistake of the party executing it, as to its contents, is set up as a defense, without any allegation of a mutual mistake, or of fraud on the part of the plaintiff. See Kirchner v. Machine Co., supra. We think no well-considered authority can be found sustaining the proposition of the learned counsel for the defendants that the mistake of the appellant, caused by her own negligence in omitting to read the note which the plaintiff had demanded, and which she must have known was to be delivered to him, not procured by any fraud or misrepresentation on his part, relieved her from liability; the plaintiff, on the faith of the note, having surrendered the securities he previously possessed, and extended the time of the payment of the debt secured thereby.

We think the testimony sought to be elicited by the appellant as to conversations had with her husband, in the absence of the plaintiff, at the time the note in suit was signed, was properly excluded by the referee. If such evidence had been received, under the defendant's answer, it could only have had the effect to establish the fact therein set up of her mistake in signing without reading the instrument in question, believing it to be a mere renewal of the $300 note. Her misapprehension in that regard, as we have endeavored to show, was not a defense to the action, and hence the evidence excluded was not material.

The judgment should be affirmed, with costs. All concur.