JOHN A. GODFREY, Appellant, v. WILLIAM MOSER, Respondent.

In reviewing a decision of the General Term reversing a judgment entered upon the report of a referee, where it is certified that the order of reversal was made upon questions of fact as well as law, this court occupies the position of the General Term as to the facts as well as the law.

Where a review of facts by an appellate court is proper, it is, as a general rule, its duty to examine the evidence and determine the facts for itself; and the rule that where there is conflicting evidence or any evidence to sustain the finding it is error to reverse, does not apply. (Code, §§ 268, 348.)

Where, in reviewing a judgment entered upon the report of a referee in an action upon an account, the General Term find certain items of said account to have been established by the evidence and others not, it is entirely within its discretion whether to permit the judgment to stand at the election of the plaintiff for the items it approved, or to reverse the whole judgment and order a new trial (Code, § 330), and the exercise of this discretion is not reviewable here.

Where, upon appeal to this court from an order of General Term granting a new trial on a case or exceptions, the court determine that no error was committed, it is imperative that "they shall render judgment absolute upon the right of the appellant" (Code, § 11, sub. 2); and, although injustice may be done him, the court has no authority to allow him to withdraw his stipulation for "judgment absolute" or to give him the benefit of a new trial; when, instead of availing himself of the new trial granted by the court below, he appeals, he necessarily assumes the hazard of injurious consequences.

(Argued April 28, 1876; decided May 23, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff and granting a new trial.

This action was brought to recover an alleged balance of an account for services rendered by plaintiff as attorney and counsel for defendant.

The original order of reversal by the General Term was amended by adding after the word "reverse," the words "on questions of fact as well as of law."

The original notice of appeal did not contain the stipulation

required by the Code (§ 11, sub. 2) for judgment absolute against appellant in case of affirmance of order appealed from, but upon motion of appellant's counsel and consent of respondent's counsel the notice was amended by this court by inserting therein such stipulation. Further facts appear in the opinion.

*Joseph R. Flanders* and *John A. Godfrey* for the appellant. There was conflicting evidence as to the questions of fact contested, and the General Term could not reverse the findings of the referee thereon. (*Woodin* v. *Foster*, 16 Barb., 146; *Dunning* v. *Roberts*, 35 id., 463; *Sinclair* v. *Tallmadge*, id., 602; *Sheldon* v. *H. R. R. R. Co.*, 29 Barb., 229; *Heritage* v. *Hull*, 33 id., 349; *Monell* v. *Marshall*, 25 How. Pr., 425; *Arnoux* v. *Homans*, id., 427; *People* v. *Townsend*, 37 Barb., 529; *Hoagland* v. *Wight*, 7 Bosw., 395; *H. and N. H. R. R. Co.* v. *N. Y. and N. H. R. R. Co.*, 3 Robt., 419; *Jackson* v. *N. Y. C. R. R. Co.*, 2 T. & C., 653; 58 N. Y., 623; *Mattison* v. *Demarest*, 4 Robt., 171; *Ball* v. *Loomis*, 29 N. Y., 414; *Jacobs* v. *Remsen*, 36 id., 668; *Westerlo* v. *De Witt*, id., 344; *Crane* v. *Baudouine*, 55 id., 264.) This court may reverse, affirm or modify the judgment or order appealed from in whole or in part. (Code, § 12; *People* v. *Suprs. Richm. Co.*, 28 N. Y., 112; *Staats* v. *H. R. R. R. Co.*, 23 How. Pr., 463; *Tillon* v. *Kingston Mut. Ins. Co.*, 5 N. Y., 405; *Fields* v. *Moul*, 15 Abb. Pr., 6; *Casler* v. *Shipman*, 35 N. Y., 533.)

*Wm. Fullerton* for the respondent.

*Per Curiam.* In reviewing a decision of the General Term reversing a judgment entered upon the report of a referee, where it is certified that the order of reversal was made upon questions of fact as well as law, this court occupies the position of the General Term as to the facts, as well as the law. The Code provides that, " in that case, the question whether the judgment should have been reversed, either upon questions of fact or of law, shall be open to review in

the Court of Appeals" The rule insisted upon by the appellant, that when there is conflicting evidence, and when there is any evidence to sustain the finding, it is error in the General Term to reverse the judgment, is not applicable in any case where the appellate court has a right to review the facts. When such review is proper, it is the duty of the appellate court to pass upon the facts from the evidence, and in this respect the duty is different from what it is in reviewing a judgment entered upon the verdict of a jury. In that case, the right of reviewing the facts is not conferred, and to reverse upon the facts, there must be an absence of any evidence to sustain the verdict; so in this court, in reviewing a judgment entered upon the report of a referee, in the absence of such certificate, the finding of facts is conclusive, if sustained by any version of the evidence which the referee was authorized to give it. In reviewing the facts, proper deference should be awarded to the judgment of the referee in cases of serious doubt, upon conflicting evidence, especially when it is propable that the appearance of the witnesses, or their manner of testifying, was, or might have been, controlling in determining the questions; but these cases are rare, and, in general, it is the duty of the appellate court to take the responsibility of examining the evidence and determining the facts for itself.

We have examined the evidence, and are inclined to concur with the General Term upon the points taken by it. It is unnecessary to determine that, although the services stated by the plaintiff to have been performed, the value of which was proved, were greatly exaggerated, and, to some extent, the plaintiff's testimony discredited, yet the referee was not authorized to fix some value upon the services proved to have been rendered; but, under all the circumstances developed, we think that the evidence does not justify any thing like an allowance of $2,000 for the compromise, and the result reached by the General Term was substantially right, and, with this qualification, we concur in the opinion of DANIELS, J. It is possible that injustice may be done the plaintiff by his not going back for a new trial ordered by the court below. This

court has no alternative, upon affirming the decision, but to order judgment absolute against him upon his stipulation. Having elected to have the " whole or nothing," we see no way of relieving him from the legal consequences of his act.

Judgment absolute must be ordered against the plaintiff.

All concur.

Order affirmed and judgment accordingly.

Upon a subsequent motion for a reargument, the following opinion was given:

*Per Curiam.* Motion for reargument on the following grounds:

1. That the rule was misapprehended as to the right of the General Term to reverse a judgment entered upon the report of a referee upon questions of fact, when there was conflicting evidence, and the credibility of witnesses was involved, by reason of which the facts were not presented fully by the plaintiff.

There has never been any doubt that the General Term has a right, and that it is its duty, to consider the facts in such a case, and pass upon them (Code, §§ 348, 268); and when the General Term certifies that the reversal is upon questions of fact, such questions are open to review in this court. (§ 268.) An examination of appellant's brief shows that the facts were very fully presented. We see no reason to change the conclusion upon the questions of fact.

2. That it was the duty of the General Term, instead of reversing the whole judgment, to have permitted the judgment to stand for such items of the account as it approved, at the election of plaintiff.

An item of $1,000, less $215 paid thereon, it seems the General Term regarded as sufficiently proved, and that court had power to reverse the judgment and order a new trial, unless the plaintiff stipulated to reduce it to that amount, but it was discretionary whether such an order should be made, or a reversal and new trial should be ordered.

The Code (§ 330) authorizes the appellate court to affirm,

modify or reverse a judgment, "and may, if necessary or proper, order a new trial." Whether necessary or proper to order a new trial, was for the court below to adjudge. It was clearly proper to order a new trial on the whole case. The whole recovery was over $4,000 and it was reversed for errors in both of the principal items. The item of $1,000 allowed by the referee the General Term held was erroneous, because payments of $215 were not allowed; and it held, also, that although the referee was justified, upon the evidence, in allowing $785 upon that item, yet that it was proper to order a new trial.

It was not a legal error to grant a new trial upon the whole case, and the order was ostensibly for the benefit of the plaintiff.

3. That injustice will result to the plaintiff. This may be true, but, to avoid it, he should have gone back for a new trial. The Code (§ 11, sub. 2) is imperative that in such a case this court "shall render judgment absolute upon the right of the appellant." If we could see any legal mode of doing it, we might feel inclined to give the plaintiff the benefit of a new trial, but there is no such mode, without establishing a very loose and dangerous precedent, of permitting a withdrawal of the stipulation, a proceeding for which there is no legal authority. If parties stipulate their cases into this court, instead of availing themselves of the new trial ordered by the court below, they necessarily assume the hazard of injurious consequences. It is the statute which produces the result, and not the court.

4. That no stipulation was necessary when the first notice of appeal was served and none given.

The stipulation was made a part of the original notice by the order of this court.

The motion must be denied.

All concur.

Motion denied.