In the Matter of the Controversy Between WILLIAM B. CROSBY, Receiver of the United States Glass Company, Respondent, and AUSTIN G. DAY, Appellant.

*Action by a receiver of an insolvent corporation — power of the court to discontinue the action and order a reference under Revised Statutes, 469, § 73.*

An action was commenced by the plaintiff, as receiver of the United States Glass Company, to recover the amount due upon three promissory notes given to the company by the defendant, who defended the action on the ground that he was induced to sign the notes through fraudulent representations made by the president of the company. While this action was pending, plaintiff applied under section 73 of 2 Revised Statutes, 469, for a reference of the controversy, which was ordered, on condition that the pending action be discontinued, which was done.

*Held,* that the order was proper, and that the fact that defendant's defense involved a charge of fraud did not entitle him to a trial by jury.

Appeal from an order appointing a referee on the application of the respondent, and also from a judgment entered on the report of the referee in favor of the plaintiff.

This action was commenced in this court by the plaintiff's predecessor, now deceased, against the defendant, to recover the amount of three promissory notes, given by him to the United States Glass Company in payment for stock of said company, and which the defendant in his answer says he was induced to purchase by means of false and fraudulent representations, made to him by the president of the company as to the financial condition of the company; he further alleges that the notes have no consideration.

While this action was still pending, the said receiver made an application to refer an alleged controversy between himself as receiver and said Austin G. Day, in relation to the identical notes sued upon. This application was opposed by Day, on the ground that an action was pending in relation to said notes; that they having been obtained from him by means of false and fraudulent representations, it was a matter which should be submitted to a jury, and that a reference without his assent was prejudicial to his rights and privilege of a trial by jury. Upon this application

and against Day's protest, an order was made referring said controversy, and discontinuing the action then pending.

*Amos G. Hull*, for the appellant.    A reference of such a controversy under the statute is subject to agreement between parties. It is only mandatory in that it requires a justice to appoint the referee, after such agreement has been made.    There is no express provision in the statute giving the justice power to direct a reference in such a matter as this.    (3 R. S., 39, §§ 21, 22, 23 [Bank's 6th ed.]; see, also, 3 id., 748, § 48 [Bank's 6th ed.]; see, also, id., 75, §§ 87, 88 [Bank's 6th ed.].)    The question between the parties being one of fraud it should be left to the consideration of a jury.    (*Thompson* v. *Blanchard*, 4 N. Y., 306; *Gardner* v. *McEwen*, 19 id., 126; *Smith et al.* v. *Acker*, 23 Wend., 753; *Ford* v. *Williams*, 24 N. Y., 359; *Erwin* v. *Voorhees*, 26 Barb., 127; *Kellogg* v. *Wilkie*, 23 How., 234; *Van Bruck* v. *Peyser*, 28 id., 292; *Vance* v. *Phillips*, 6 Hill, 433; *Francheris* v. *Henriques*, 24 How., 165.)

*Van Wyck & Green*, for the respondent.

Brady, J. :

The application for the appointment of a referee, under the statutes to which reference will be presently made, was made while an action was pending between the receiver and the defendant in relation to the subject-matter of the action.    The application was, however, granted upon condition that the action referred to should be discontinued, and it was discontinued.    The claim rests upon notes made by the defendant, and given in part payment for the purchase of stock ; and his defense was that he was induced to purchase, by means of false and fraudulent representations made to him by the president of the United States Glass Company as to the financial condition of the company, and that the notes, therefore, were given without consideration.    The defense involving the charge of fraud secured, the appellant thinks, a right to a trial by jury, and he insists that the appointment of a referee against his consent, and in opposition to his express objection was therefore a violation of a constitutional privilege.    In this he is

mistaken. The statutes authorize the proceeding which culminated in the appointment of a referee. (2 Edmunds' Statutes at Large, § 36, p. 483; § 42, p. 484; §§ 68 and 73, pp. 490, 491; §§ 19, 20 and 21, p. 46.) The result of these various sections is that the receiver of an insolvent company has the power to settle any controversy that may arise between him and any person in the settlement of any demand against such persons, or of the debts due to the estate by a reference upon consent, or upon application to the court if consent be withheld. The validity and constitutionality of such a proceeding has been declared by the court of last resort and by its unanimous judgment. (*Sands* v. *Kimbark*, 27 N. Y., 147, and cases cited.) The appeal from the order is for these reasons not available.

Upon the merits, it is not necessary to indulge in an elaborate review. The charges of fraud made by the defendant were not sustained, in the judgment of the referee, and a careful consideration of the evidence given, *pro* and *con*, does not justify us in declaring that the referee was mistaken or in error, in his estimate of the testimony, or his conclusions resulting therefrom.

If the statement of the defendant be accepted as truthful, it is undoubtedly clear that he should succeed in this controversy; but it was denied in all its material features by the president of the company, Mr. Green, by whom it was said the representations were made. There are, perhaps, circumstances corroborative of the defendant's charge, but it must also be said that there are circumstances equally corroborative of the statements of Mr. Green, which, as just stated, were absolute denials.

The referee had in this case the great advantage of having seen the witnesses and heard them testify, and was susceptible, therefore, of impressions with regard to them, which cannot be reproduced or photographed by the perusal of recorded testimony.

We have had occasion to remark, in a case decided at the present term of this court, that in cases of conflict, and where the testimony may be regarded as balanced, it is just to yield to convictions arising from the advantage just referred to. (See *Godfrey* v. *Moser*, 66 N. Y., 250.) Under the circumstances, therefore, we cannot say that the findings of fact by the referee were erroneous. We are obliged to declare, also, that none of the exceptions taken,

on behalf of the defendant, require us, in the exercise of our power and duty, to grant a new trial. The most important exception in the case is the supposed exclusion of any explanation on the part of the witness, who is apparently assailed by an article in the newspaper, to which attention was called on cross-examination and which was read to him. But the exclusion seems to have been predicated of the form of the question, and occasioned no prejudice to the witness or to the defendant's case, because the witness was subsequently allowed to make any explanation or statement in regard to the article as fully as he desired, and availed himself of the privilege. We do not deem it necessary to consider in detail the other exceptions, but to dispose of them by the general observation that they are unavailable, unsound, or relate to subjects that could by no possibility affect the result.

The order and judgment should be affirmed.

DAVIS, P. J., and INGALLS, J., concurred.

Order and judgment affirmed.