ELIZA A. THOMAS, as Executrix, etc., Appellant, v. THE NEW YORK LIFE INSURANCE COMPANY, Respondent.

Although on appeal from a judgment, in an action tried by the court, no exceptions appear to the findings of fact, or error in their determination, but the General Term draws a different legal conclusion therefrom than that of the trial court, this does not authorize it to render a final judgment in accordance with its own conclusion. Whenever the charac-

ter of the issues framed by the pleading is such that, upon a new trial, it will be possible for the respondent to recover, a new trial should be ordered. Having succeeded on the trial, he is not required to procure the appearance of exceptions upon the record, and so the appellate court cannot determine that there were no exceptions or errors.

(Argued April 29, 1885 ; decided June 2, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made on the first Monday of March, 1884, which modified a judgment herein, in favor of plaintiff, for $400 damages, so as to provide that plaintiff recover six cents damages.

The facts, so far as material, are stated in the opinion.

*W. Bourke Cockran* for appellant. The functions of the General Term are limited to affirming or reversing the judgment recovered by plaintiff, and the appellate court cannot make a final disposition of her claim against the defendant, because the General Term have only power to render a judgment absolute where the facts are agreed to by both parties, or found without contradiction on the trial. (*Purchase* v. *Mattison*, 25 N. Y. 211.) To justify an appellate court in rendering final judgment against the respondent, upon the reversal of a judgment, it is not sufficient that it is highly improbable that the defeated party can succeed on a new trial, it must appear that he certainly cannot. (*Guernsey* v. *Miller*, 80 N. Y. 181; *Arthur* v. *Griswold*, 55 id. 400.) It is error for the General Term to direct judgment final in an action ; a new trial should be ordered. (*Ehrichs* v. *De Mill*, 75 N. Y. 370.) Where there is an issue upon material facts which may be decided more than one way on another trial, there should be a new trial ordered upon a reversal of a judgment by a General Term. (*Wolstenholme* v. *Wolstenholme File Mfg. Co.*, 64 N. Y. 272.)

*Wm. B. Hornblower* for respondent. The General Term had the right to reduce the amount of the judgment without

ordering a new trial. (Code of Civ. Pro., § 1317; *Conroy* v. *Campbell*, 13 J. & S. 326; *Hannay* v. *Pell*, 3 E. D. Smith, 432; *Marquat* v. *Marquat*, 12 N. Y. 340; *Beach* v. *Cooke*, 28 id. 508, 538; *Cuff* v. *Dorland*, 57 id. 565; *Richardson* v. *Home Ins. Co.*, 15 J. & S. 158; *Price* v. *Price*, 33 Hun, 432.) Defendant was entitled to absolute judgment at the General Term. (*Marquat* v. *Marquat*, 29 N. Y. 340; *Beach* v. *Cooke*, 28 id. 508; *Edmonston* v. *McLeod*, 16 id. 545; *Baker* v. *Lever*, 5 Hun, 114; affirmed, 67 N. Y. 304; 4 Wait's Prac. 235.)

FINCH, J. The appellant here does not complain of the reversal of her judgment by the General Term, but of the new judgment rendered by that tribunal awarding nominal damages only, instead of the $400 recovered by her in the trial court. The action was for the conversion of certain articles of personal property belonging to Griffith Thomas in his lifetime, and claimed by the plaintiff as executrix of his last will. The complaint alleged her title; a demand and refusal; that the property was worth $5,000; and claimed judgment for that amount. The answer denied the conversion, and the valuation put upon the property; and pleaded as an affirmative defense a purchase of the furniture from the plaintiff, after the death of her husband, and before the issue of letters testamentary, for the sum of $400, paid to her in cash. The trial court found as facts, the ownership of the property by the testator and that its value was $400; his death; the issue of letters testamentary to plaintiff in July, 1879; the taking of the property by defendant on February 18 of that year; and six days later the execution by plaintiff of a bill of sale and release of the furniture to the defendant for the consideration paid, of $400, and the discharge and cancellation of an alleged debt due from her husband of $5,250, and that when this contract was made the purchaser knew that the seller had not yet received letters testamentary or qualified as executrix. From these facts was deduced the legal conclusion that the plaintiff as executrix was entitled to judgment for $400, while the General Term ruled

that the proper legal conclusion should have been a judgment for nominal damages only, and drawing that conclusion awarded the corresponding judgment.    The appellant, without criticising the propriety of the reversal by the General Term, insists that it should have been followed by an order granting a new trial, and not by a final judgment for six cents damages. We have so held in a precisely similar case. (*Ehrichs* v. *De Mill*, 75 N.Y. 370.)  There the action was tried before the court without a jury; the facts were all found and without apparent exception or error in the process; the trial court drew from them the legal inference of a judgment for the defendant; the General Term on the contrary drew an opposite conclusion from the facts found and ordered judgment for the plaintiff; and on appeal to this court, while justifying the reversal, we determined that a new trial should have been ordered and the rendition of final judgment was a mistake.    It was then contended, as it is now, that the rule had already been declared to be that where the facts were found by the trial court without exception or error in the process of their determination, and so the only open question was as to the legal inference to be drawn, the appellate court might draw that inference and render judgment accordingly.  But the answer made was that in such a case we could not know that there had not been exceptions or asserted errors in the process of finding the facts, since the respondent, not having appealed, was under no obligation to procure their appearance upon the record, and might very well have deemed their presence immaterial for any legitimate purpose of the appeal.    And the rule was declared to be that wherever the character of issues framed by the pleading was such that upon a new trial it would be possible for the defeated party to recover, such new trial should be awarded.

The appellant claims the benefit of that rule and is entitled to have it enforced.    But his adversary contends that even then there could be no recovery for more than the nominal damages awarded, because the contract of sale, although unauthorized when made, was subsequently validated by the after issue to the seller of letters testamentary.    Conceding so much

for the purpose of the argument, we still cannot say that, within the issues, the contract may not be attacked for fraud, or mistake, or some other reason outside of lack of authority to make it.

So much of the judgment of the General Term as awards judgment for the plaintiff for six cents damages should be reversed and a new trial granted, costs to abide the event.

All concur.

Ordered accordingly.