# COURT OF APPEALS.

## Van Horne, individually and as executor, agt. Campbell and another.

*Appeal — Motion for reargument in court of appeals — Discretion of general term — Evidence in trial court — Evidence not appearing in judge's minutes.*

Where by the evidence it appeared that plaintiff might have been entitled to receive an undivided portion of the property to which he claimed the whole title, and to which the trial court gave him entire title, it was in the discretion of the general term to modify the verdict, or reverse it and send the case back for a new trial; and where the general term has exercised such discretion this court cannot review its action, and a motion for a reargument on such a ground will be denied.

The only way in which to justify such a finding would be to look into the evidence, and as the trial court took the case from the jury, and made findings of fact in which no such title to part appears, it cannot be considered here.

*Decided, December*, 1885.

*N. J. Parker*, for appellant.

*Horace E. Smith*, for respondents.

Andrews, *J.* — There are insuperable difficulties in the way of granting this motion:

*First.* The plaintiff in his complaint claims title in fee to the whole premises. He recovered judgment in accordance with his claim. The general term reversed the judgment, and ordered a new trial, on the ground that the devise over in the will of Jellis Fonda, upon which the plaintiff's claim to the whole title rested, was void, and the judgment of the general term has been affirmed by this court. It is now claimed that the general term, instead of reversing the judgment absolutely, should have modi-

Van Horne agt. Campbell.

fied it by awarding a recovery for the undivided sixth part of the premises, as to which the plaintiff claims her title is unimpeachable. Assuming that the evidence conclusively established title in the plaintiff to this extent, the general term was not bound to modify the judgment and award a recovery for the sixth part of the premises. It was in the discretion of the general term either to modify the judgment or to reverse it absolutely, and leave the plaintiff, on a new trial, to assert his claim to an undivided share, and procure judgment therefor. This court cannot review the discretion of the general term (*Godfrey* agt. *Moser*, 66 *N. Y.*, 250).

*Second.* The facts upon which the right of the plaintiff is based to recover an undivided share of the premises are not found by the trial judge. The action was tried before the court, without a jury, and the findings upon the question of title relate solely to the claim of title under the devise over in the will of Jellis Fonda. It is only by looking into the evidence that the right of the plaintiff to a share of the premises, by another and independent title, could have been ascertained. But an examination of the evidence would not have disclosed an indisputable title in plaintiff to the one-sixth part. The original share which descended to his mother, a daughter of Douw Fonda, was one undivided fourth part, of which the plaintiff was entitled to an undivided one-eighth part only. His title to any greater interest depends upon the assumption that Mrs. Wemple's share of her father's estate descended to her heirs, and that, as to that share, the defendants have not acquired a title by adverse possession. This assumption is not, upon the evidence, incontrovertible. The defendants are at least entitled to be heard upon that question.

The motion should be denied.

All concur, except MILLER, J., absent.