JACOB H. CONKLIN *et al.*, TRUSTEES, Appellants, *v.* GARRET Z. SNIDER, Respondent.

*Court of Appeals, January* 18, 1887.

Affirming same case, 36 Hun, 642, mem.

1. *Evidence. Section* 829—In an action brought by a trustee against the executor of his co-trustee to have lands standing in the name of said deceased trustee declared part of the trust estate, the surviving husband of a deceased sister of said deceased trustee, who was not personally interested in the trust estate, but whose children were interested, was a competent witness concerning conversations had with the deceased.

2. *Appeal. Judgment absolute.*—Where the general term order reversing a judgment entered on the report of a referee, and directing a

new trial, is not erroneous, but a proper one, the court of appeals, though it may not agree with all the reasons given by the general term for its order of reversal and award of a new trial, will feel bound to affirm such order, and award judgment absolute against the plaintiffs, upon their stipulation on appeal, notwithstanding the court can see that they might have been entitled to a part of their relief. Where the error, which has justified a reversal, was merely incidental, capable of accurate correction, the court has, in one or two instances, modified the judgment by correcting the error, but these were cases in which it thought a new trial ought not to have been awarded, since there could be no recovery for what had been erroneously allowed.

See note at end of case.

3. *Same. Discretion.*—The general term may possibly have made an alternative order, permitting the plaintiffs to limit their judgment to the established relief, and on their stipulating so to do, affirming the judgment as modified; but this was matter of discretion, and to award a new trial instead, was not error.

Action brought for an accounting against the executors of a deceased trustee, and to have certain lands conveyed to said trustee declared to be part of the trust estate created by the testator. On the trial one John Cooper, a party defendant, was allowed to testify in behalf of the plaintiffs on objection and exception, to certain conversations with said deceased trustee relative to the lands in question. The witness was the husband of said trustee's half-sister who was a beneficiary under the will. She died between the commencement of the action and the trial, and her children, who were issue of this marriage, claimed an interest in the trust estate.

Appeal from an order of the general term of the supreme court, reversing a judgment in favor of plaintiffs and awarding a new trial.

*W. J. Hardy*, for appellants.

*Irving Browne*, for respondent.

FINCH, J.—While we do not agree with all the reasons given by the general term for its order of reversal and

award of a new trial, we feel bound to affirm that order.
The action was brought to reclaim for a trust-estate several
groups of real property, alleged to have been purchased by
the trustee in his own name, as an individual, but with the
trust funds. The referee found in favor of the plaintiffs,
determining that all the lands described in the complaint
belonged to the trust. On appeal the general term reversed
the judgment, assigning as reasons that the testimony of
one of the parties to personal conversations with a deceased
testator was improperly admitted, and that the trust funds
were not satisfactorily traced by the evidence into any of
the lands referred to. We think the testimony of Cooper
was not offered or given in his own behalf, and was admis-
sible, and that the evidence very fully and fairly demon-
strated that a portion of the lands, known in the case as the
" Brooklyn property," did belong to the trust-estate, but
that, as to the rest of the property, the proof fell far short
of the certainty and definiteness required. It is not needful
to explain the grounds of our opinion, so far as it differs
from that of the general term, because, if that of the latter
had been identical with our own, it would still have been
the duty of the court to have reversed the judgment of the
referee and awarded a new trial for the error committed as to
the property other than the Brooklyn lands. We cannot say,
therefore, that the order of the general term was erroneous.
Possibly it might have made an alternative order, permit-
ting the plaintiffs to limit their judgment to the Brooklyn
lands, and, on their stipulating so to do, affirming the judg-
ment as modified; but that was matter of discretion, and it
was not error instead to award a new trial.

The defeated plaintiffs were beaten for lack of evidence,
and were entitled to an opportunity to strengthen their case
in any of its parts, for the decision left a recovery by them
possible. The order of the general term having been a
proper one, we cannot reverse, but must affirm it, and the
plaintiff's stipulation on the appeal to this court compels an

award of judgment absolute against them. We have once or twice, in cases where the error which might have justified a reversal was merely incidental, capable of accurate correction, modified the judgment by correcting the error, but those were instances in which we thought a new trial ought not to have been awarded, (Wright *v.* Nostrand, 98 N. Y. 669,) since there could be no recovery for what had been erroneously allowed. Here such a recovery was possible, and the award of a new trial was a proper order for the general term to make, and we must affirm it, and order judgment absolute, although we can see that plaintiffs might have been entitled to a part of their relief. Gray *v.* Board of Sup'rs, 93 N. Y. 608; Thomas *v.* New York Life Ins. Co., 99 N. Y. 250; Godfrey *v.* Moser, 66 N. Y. 250. They chose to take the peril of their stipulation.

Order of the general term affirmed, and judgment absolute directed against plaintiffs.

(All concur.)

---

NOTE ON SUBDIVISION 1 OF § 191 OF THE Code.

The right of appeal to the court of appeals from an order of the general term granting a new trial on a case and exceptions, depends upon the provision of subdivision 1 of § 191 of the Code of Civil Procedure, which reads as follows:

Subdivision 1, § 191. An appeal cannot be taken from an order granting a new trial, on case or exceptions, unless the notice of appeal contains an assent, on the part of the appellant, that if the order is affirmed, judgment absolute shall be rendered against the appellant.

*When judgment absolute may be rendered.* In Lanman *v.* The Lewiston R. R. Co., 18 N. Y. 493, the plaintiffs had judgment at special term for damages and costs. The defendants appealed, and the general term ordered a new trial, unless the plaintiffs would deduct a certain sum from the judgment; in case they consented to the deduction, judgment of affirmance was given as to the residue of the judgment. The plaintiffs did not consent to the deduction, but appealed to the court of appeals, stipulating, in the notice of appeal, that, if the order shall be affirmed, the deduction shall be made from the judgment and the residue thereof affirmed. Plaintiffs afterward moved to dis-