Hatch, J.
—Counsel for plaintiff in asking for a reversal of this judgment relies upon the testimony of defendants given upon an examination in proceedings supplementary to execution. Standing alone, such testimony would be sufficient as a basis upon which to found a judgment granting the relief asked. It is equally true, that giving force and effect to testimony produced in their behalf, upon the trial, it furnishes sufficient basis for the judgment pronounced. The court possesses undoubted power to review questions of fact passed upon by the trial court and to determine such facts for itself, and reverse the judgment even though the evidence be conflicting. Godfrey v. Moser, 66 N. Y., 250.
But this tribunal is not authorized to reverse, for the sole reason that upon an original examination it would have reached a different conclusion.
Crane v. Baudouine (55 N. Y., 256), where Judge Folger said: “It is not the same question as if we inquired whether we should have found the same facts in the way as did the referee. It is rather are we so certain that the referee was in error upon the facts as that we will assume to reverse his judgments. If it appears that his conclusion is not against the weight of evidence, that it might well have been either way, or that the testimony is slight on which to found a conclusion contrary to his, then the consideration that he saw the witnesses and had the assistance *61 of their presence before him, uttering orally to him their testimony, should lead to a deference to his judgments.” Baird v. The Mayor (96 N. Y., 567, 576, 577, 578), where the authorities are reviewed in an able opinion by Ruger, Ch. J., and the same conclusion reached.
The learned- trial judge has found, as we think, within the rule laid down, upon sufficient evidence to sustain such finding, that the deed sought in this action to be set aside as fraudulent and void was given and received without intent upon the part of the grantor or grantee, to hinder, delay, or defraud the plaintiff or the creditors of Francis A. Berger. We are not prepared to say that we should have reached a different conclusion. We are not, therefore, authorized to say that the court below committed an error either of fact or law. Laidlaw v. Slayback, 23 Week. Dig., 259; Sherwood v. Hauser, 94 N. Y., 626.
No error being alleged in other respects, or appearing, the judgment appealed from is affirmed, with costs.
Titus, J., concurs; Beckwith, J., not sitting.